IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------ x
In re:                               : Chapter 11
                                     :
                                     : Case No. 09-11214 (___)
AVENTINE RENEWABLE ENERGY            :
HOLDINGS, INC.,                      :
                                     :
Debtor                               :
------------------------------------ x
In re:                               : Chapter 11
                                     :
                                     : Case No. 09-11215 (___)
AVENTINE RENEWABLE ENERGY, LLC,      :
                                     :
Debtor                               :
                                     :
------------------------------------ x
In re:                               : Chapter 11
                                     :
                                     : Case No. 09-11216 (___)
AVENTINE RENEWABLE ENERGY, INC.,     :
                                     :
Debtor                               :
                                     :
------------------------------------ x
In re:                               : Chapter 11
                                     :
                                     : Case No. 09-11217 (___)
AVENTINE RENEWABLE ENERGY –          :
AURORA WEST, LLC,                    :
                                     :
Debtor                               :
------------------------------------ x
In re:                               : Chapter 11
                                     :
                                     : Case No. 09-11218 (___)
AVENTINE RENEWABLE ENERGY – MT       :
VERNON, LLC,                         :
                                     :
Debtor                               :
------------------------------------ x

```
------------------------------- x
In re:                          :   **Chapter 11**
                                :
                                :   **Case No. 09-11219 (___)**
**AVENTINE POWER, LLC,**        :
                                :
**Debtor**                      :
                                :
------------------------------- x
In re:                          :   **Chapter 11**
                                :
                                :   **Case No. 09-11220 (___)**
**NEBRASKA ENERGY, L.L.C.,**    :
                                :
**Debtor**                      :
                                :
------------------------------- x
```

## DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Aventine Renewable Energy Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases. In support of this Motion, the Debtors rely on the Declaration of William J. Brennan in Support of the Debtors' Chapter 11 Petitions and First Day Relief (the "Brennan Declaration"). In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## BACKGROUND AND JURISDICTION

1. On April 7, 2009 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Brennan Declaration, which is incorporated herein by reference.

3. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of these cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BASIS FOR RELIEF REQUESTED

5. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.[1] Accordingly, this Court is authorized to grant the

---

[1] Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with

3

requested relief by virtue of the fact that Aventine Renewable Energy Holdings, Inc. is the direct or indirect parent of each of the other Debtors.

6. Furthermore, Local Rule 1015-1 provides that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. LR 1015-1.

7. On the date hereof, the Debtors commenced the chapter 11 cases referenced above by filing petitions for voluntary relief with this Court. Given the provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules, as well as the Debtors' affiliation, joint administration of these cases is warranted. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings and orders in the chapter 11 cases will affect each Debtor and their respective estates. The rights of creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative

---

power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...." 11 U.S.C. § 101(2).

aspects of these chapter 11 cases by the United States Trustee for the District of Delaware (the "U.S. Trustee") will be simplified. Indeed, the relief requested herein is commonly granted in this District. *See, e.g., In re Verasun Energy Corporation*, Case No. 08-12606 (Shannon, B.) (Bankr. D. Del. Oct. 31, 2008); *In re Goody's Family Clothing. Inc.*, Case No. 08-11133 (Sontchi, C) (Bankr. D. Del. June 9, 2008); *In re Tweeter Home Entm't*, Case No. 07-10787 (Walsh, J.) (Bankr. D. Del. June 12, 2007); *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (Carey, J.) (April 3, 2007); *In re Dura Auto. Sys., Inc.*, Case No., Case No. 06-11202 (Carey, J.) (Bankr. D. Del. Oct. 31, 2006).

8.   Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these chapter 11 cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: <br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*, <br><br>Debtors.[1] | Chapter 11 <br><br> Case No. 09-11214 (___) <br><br> (Jointly Administered) |
|---|---|

9.   The Debtors submit that the use of this simplified caption, without reference to each Debtor's respective addresses and other detail specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Such case-specific information is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

publicly available in the petitions, and the Debtors therefore submit that the policies behind section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

10. The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket of each of the chapter 11 cases of the Debtors to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Aventine Renewable Energy Holdings, Inc., Aventine Renewable Energy, LLC, Aventine Renewable Energy, Inc., Aventine Renewable Energy – Aurora West, LLC, Aventine Renewable Energy – Mt Vernon, LLC, Aventine Power, LLC, and Nebraska Energy, L.L.C. The docket in Case No. 09-11214 (    ) should be consulted for all matters affecting this case.

## NOTICE

11. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (a) the Office of the United States Trustee, (b) the United States Securities and Exchange Commission, (c) the Office of the of the United States Attorney for the District of Delaware, (d) the Internal Revenue Service, (e) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (f) counsel to the agent for the Debtors' prepetition secured lenders, (g) counsel to the agent for the Debtors' proposed postpetition secured lenders, and (h) the indenture trustee for the Debtors' prepetition senior notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

## NO PREVIOUS REQUEST

12. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware  YOUNG CONAWAY STARGATT & TAYLOR, LLP
April 8, 2009

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253

*Proposed Counsel to the Debtors
and Debtors in Possession*