# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Case No. 09-11214 (KG) |
| | ) |
| Aventine Renewable Energy Holdings, Inc., et al. | ) Joint Administration Pending |
| | ) |
| | ) RE: D.I. 15 |
| Debtors. | ) |

## KIEWIT ENERGY COMPANY'S LIMITED OBJECTION TO DEBTORS'[1] EMERGENCY MOTION SEEKING TO AUTHORIZE THE DEBTORS TO OBTAIN POST-PETITION SECURED FINANCING

Kiewit Energy Company, a Delaware corporation ("Kiewit Energy") hereby submits the following limited objection to the Emergency Motion of the Debtors, for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors (A) to Obtain Post-Petition Secured Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Secured Parties and (III) Scheduling A Final Hearing (the "Motion")(D.I. #15). All terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. In support of this objection, Kiewit Energy respectfully states as follows:

## BACKGROUND

1. Kiewit Energy is a construction company that, among other things, is engaged in the construction of renewable energy plants.

2. Pre-petition, Kiewit Energy entered into two separate Energy, Procurement and Construction Services Fixed Price Contracts (the "Construction Contracts") with two of the debtors, Aventine Renewable Energy, Aurora West LLC ("Aventine-Aurora"); and, Aventine Renewal Energy – Mt. Vernon, LLC ("Aventine-Mt. Vernon"). As indicated by its name, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy–Aurora West, LLC (9285), Aventine Renewable Energy–Mt. Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872).

Construction Contracts contained the terms under which Kiewit Energy would construct for the respective Aventine entities, ethanol plants on real property owned by Aventine-Aurora in Aurora, Nebraska (the "Aurora Facility"), and certain real property that was leased by Aventine-Mt. Vernon, located in Mt. Vernon, Indiana, (the "Mt. Vernon Facility") respectively.

3. As referenced in the Declaration of William J. Brennan in Support of Chapter 11 Petitions for Relief (D.I. # 4), Aventine-Aurora, and Aventine-Mt. Vernon, failed to pay Kiewit Energy when required pursuant to the terms of the Construction Contracts.

4. As a result of the non-payment, Kiewit Energy terminated those contracts and suspended all construction activities at these facilities. Kiewit Energy is owed approximately $16,000,000 for the construction of the Aurora Facility, and approximately $9,000,000 for construction of the Mt. Vernon Facility. Kiewit Energy then timely filed construction liens (the "Kiewit Energy Liens") against the improvements constructed at the Aurora Facility and Mt. Vernon Facility.

## BASIS FOR OBJECTION

5. Kiewit objects to the Motion because it is at best unclear whether the Debtors intend to prime or protect the Kiewit Energy Liens by the Motion.

6. The Motion purports to grant the DIP Lenders "a first priority priming security interest in, and lien on, all of the assets (tangible, intangible, real, personal, or mixed, of the Debtors, whether now owned or hereafter acquired . . ." (Motion at paragraph 12(k)).

7. While the Motion (at paragraph 12(k)) does recite the priming effect of the lien as being subject only to "... (ii) valid perfected, enforceable and non-avoidable liens as of the commencement of the Chapter 11 Cases, which were senior in priority to liens [under certain credit facilities]", there is nothing in the Motion that indicates whether this carve-out was

---

The Debtors corporate headquarters are 120 North Parkway, P.O. Box 1800, Pekin, Illinois 61555-1800.

{U0021791.1}2

intended to reach Kiewit Energy's valid first priority construction liens on the improvements constructed at the Aurora and Mt. Vernon facilities.

8. Nebraska law provides that a construction lien attaches and has priority from the date of first visible commencement of work on the project. See, *Neb. Rev. Stat.* §§ 52-137; 52-139. Kiewit Energy commenced work on the Aurora Facility on July 2, 2007, prior to any other lien filing against the Aurora Facility.

9. With respect to the Mt. Vernon Facility, the only other party claiming an interest in the Facility is the State of Indiana, Port Authority which owns the real estate and has filed a UCC financing statement. Indiana law provides that Kiewit Energy's construction lien on the plant and equipment improvements it constructed allows it to remove and sell those improvements free and clear of the State's interest to satisfy its construction lien. See *Provident Bank v. Tri-County Southside Asphalt*, 804 N.E.2d 161 (Ind. App. 2004)(holding that a construction lien claimant may sell and remove improvements to satisfy its lien regardless of prior mortgage filings).

10. Therefore, Kiewit Energy holds a properly perfected unavoidable first priority lien on: a) the plant and equipment improvements and real estate located at the Aurora facility; and, b) the plant and equipment improvements located at the Mt. Vernon Facility.[2]

11. Kiewit Energy objects to the Motion to the extent the Debtors seek to prime the Kiewit Energy Liens. As the Debtors concede in paragraph 18 of the Motion, they may only prime the existing liens if the existing lienholders agree to such treatment, or if the Debtors provide adequate protection to Kiewit Energy. Kiewit Energy does not agree to be primed, and the Motion doe not propose any adequate protection in favor of Kiewit Energy.

12. Moreover, the Debtors' proposed budget is almost exclusively geared towards the

---

[2] Upon information and belief, Prepetition Lenders filed documents evidencing their interests in September 2007.

operation of the Debtors assets other than the Aventine-Aurora and Aventine-Mt. Vernon assets. Yet, by seeking to grant a blanket lien on all assets, the Motion requests what is in effect cross-collateralization in the Aurora and Mt. Vernon improvements constructed by Kiewit Energy, without any of the proceeds of the DIP Facility flowing to Kiewit Energy.

13. Thus, by assigning liens on all of the individual Debtor's assets for the purpose of financing the operation of a select subset of assets, this Motion requests an impermissible substantive consolidation of the Debtors' assets from the onset of this case.

WHEREFORE, Kiewit Energy Company, a Delaware corporation, secured creditor, respectfully requests that the Court deny the Motion, recognize and preserve Kiewit Energy's first priority construction liens against the Aurora Facility and Mt. Vernon facility, and grant such other and further relief as it deems appropriate.

April 9, 2009

Respectfully submitted,

By: /s/ signature

    Ronald S. Gellert (DE 4259)
    Eckert Seamans Cherin & Mellott, LLC
    300 Delaware Avenue
    Suite 1210
    Wilmington, DE 19801
    (302) 425-0430
    (302) 425-0432 fax

And

By: /s/Robert J. Bothe

    Robert J. Bothe, NE Bar #15018
    James J. Niemeier, NE Bar #18838
    McGrath North Mullin & Kratz, PC LLO
    First National Tower, Suite 3700
    1601 Dodge Street
    Omaha, Nebraska 68102
    (402) 341-3070
    (402) 341-0216 fax

**Attorneys for Kiewit Energy Company**