IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 15** |

## EMERGENCY INTERIM ORDER (I) AUTHORIZING THE DEBTORS' CONSENSUAL USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) GRANTING RELATED RELIEF

WHEREAS, on April 7, 2009, the above captioned debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions for chapter 11 relief;

WHEREAS, on April 8, 2009, the Debtors filed the *Emergency Motion of the Debtors, for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (i) Authorizing Debtors (a) to Obtain Post-Petition Secured Financing and (b) to Utilize Cash Collateral, (ii) Granting Adequate Protection to Pre-Petition Secured Parties and (iii) Scheduling a Final Hearing* [Docket No. 15] (the "DIP Motion")[2], and an interim hearing on the Motion was noticed for April 9, 2009 at 1:00 p.m.

WHEREAS, due and sufficient notice of the DIP Motion was given under the circumstances, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] Unless otherwise defined herein, all capitalized terms used, but not defined in this order, shall have the meanings ascribed to such terms in the DIP Motion.

1

WHEREAS, other than with respect to the limited interim relief provided for herein, the parties have agreed to adjourn the hearing on the DIP Motion until April 14, 2009 at 2:00 p.m. (the "Hearing");

WHEREAS, the Prepetition Lenders have asserted liens on substantially all of the Debtors' assets, including the Debtors' cash and cash collateral (the "Cash Collateral"), to secure the Debtors' obligations to the Prepetition Lenders;

WHEREAS, the Prepetition Lenders have consented to the Debtors' use of the Cash Collateral in which the Prepetition Lenders assert a lien on an interim basis pending the Hearing;

WHEREAS, after due deliberation, the Court having concluded that granting the limited emergency relief provided for in this order is in the best interest of the Debtors' estates and creditors; it is therefore

ORDERED, ADJUDGED and DECREED that:

1. The Debtors are hereby authorized through April 16, 2009 to use the Cash Collateral in which the Prepetition Lenders assert a lien in accordance with the "Budget" attached hereto as Exhibit A.

2. As adequate protection for the use of the Cash Collateral, the Prepetition Lenders are granted (a) a dollar-for-dollar replacement lien in all of the Debtors' pre- and post-petition assets (other than Chapter 5 avoidance actions) and (b) a superpriority claim as provided for in section 507(b) of the Bankruptcy Code, each to the extent of the diminution in value of the Prepetition Lenders' interest in property of the estate including the Cash Collateral, if any, resulting from the Debtors' use of the Cash Collateral pursuant to the terms of this Order.

3.  As directed by the Debtors, on a daily basis, the Prepetition Lenders shall transfer and remit into the Debtors' concentration/disbursement account at JPMorgan Chase Bank, N.A. with the account number ending in 6619, all cash of the Debtors (including the Cash Collateral) in their possession, custody and control, in amounts sufficient to allow the Debtors to make disbursements in accordance with the Budget.

4.  Nothing set forth herein shall be deemed to be a determination as to the amount, the extent or the validity of the liens asserted by the Prepetition Lenders in the Debtors' assets, including without limitation, the Cash Collateral, and all parties' rights with respect thereto are reserved.

5.  Notwithstanding anything herein, the Debtors, DIP Lenders and Prepetition Lenders expressly reserve all rights and objections as to the DIP Motion or entry of an Order approving same.

6.  A further hearing on the DIP Motion will be held on April 14, 2009 at 2:00 p.m.

7.  Any objections by the Prepetition Lenders to the DIP Motion must be filed with the Court and served upon counsel to the Debtors and the DIP Lenders on or before 3:00 p.m. on April 13, 2009.

DB02:8043293.3 068125.1001

8.      This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Interim Order.

Dated: April 9, 2009
       Wilmington, Delaware

_____
KEVIN CROSS
UNITED STATES BANKRUPTCY JUDGE

DB02:8043293.3                                              068125.1001