IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Aventine Renewable Energy Holdings, Inc., a Delaware Corporation, *et al.*<br>Debtors | Chapter 11<br>Case No. 09-11214 (KG)<br>Jointly Administered<br>**Re: Docket No. 166** |

## ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND BANKRUPTCY RULE 2014(a) AND GRANTING WAIVER OF COMPLIANCE WITH DEL. BANKR. LR 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. LR 2016-2(h)

Upon the Application[1] of the Committee for an order authorizing the retention of Jefferies & Company, Inc. ("Jefferies") as investment banker to the Committee in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors") pursuant to 11 U.S.C. §§ 328(a) and 1103 and Bankruptcy Rule 2014(a), nunc pro tunc to April 23, 2009, and granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) in accordance with Local Rule 2016-2(h); and upon consideration of the Application and all pleadings related thereto, including the Carlson Affidavit and the Court having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court, the Court hereby finds that:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    B.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

    C.    Notice of the Application was due and proper under the circumstances;

    D.    The Application and the Affidavit are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules; and

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

E. Jefferies is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and

F. The relief requested in the Application is in the best interests of the Committee and the creditors of the estates.

After due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that the retention and employment of Jefferies as investment banker to the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a), nunc pro tunc to April 23, 2009, on the terms set forth the Engagement Letter attached hereto as Exhibit A, as modified by this Order, is hereby approved and that Jefferies' compensation shall be subject to the standard of review provided for in Section 328(a) of the Bankruptcy Code, and not subject to review under Section 330 the Bankruptcy Code; and it is further

ORDERED, that the Fee Structure is approved pursuant to Section 328(a) of the Bankruptcy Code; and it is further

ORDERED, that the terms and provisions of the Engagement Letter are approved by this Court, including the Indemnity Provision as modified by this Order; and it is further

ORDERED, that, as set forth in the Application, Jefferies is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); and it is further

ORDERED, that Jefferies shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and other any applicable orders of this Court; and it is further

ORDERED that the Indemnity provisions of the Jefferies Engagement Letter are approved, subject to the following limitations and clarifications:

(a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, Jefferies, in accordance with the Jefferies Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with Jefferies' performance of the services described in the Jefferies Engagement Letter taken in good faith and in reliance on the information provided to Jefferies by the Debtors;

(b) Jefferies shall not be entitled to indemnification, contribution, or reimbursement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(c) Notwithstanding anything to the contrary in the Jefferies Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct, ; (ii) for a contractual dispute in which the Debtors allege the breach of Jefferies' contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Jefferies Engagement Letter as modified by this Order; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Jefferies Engagement Letter, including without limitation the advancement of defense costs, Jefferies must file an application before this Court, and the Debtors may not pay any such amounts to Jefferies before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by Jefferies for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies;

and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, the Application or the Jefferies Engagement Letter, (i) 50% of the Monthly Fees for the periods of October 23, 2009 through November 22, 2009 and November 23, 2009 through December 22, 2009 shall be credited against the Transaction Fee; and (ii) 100% of all Monthly Fees beginning with the period December 23, 2009 through January 22, 2010, including Monthly Fees for each subsequent the period until the conclusion of Jefferies' engagement by the Committee in these Cases, shall be credited against the Transaction Fee; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
June **24**, 2009

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE