# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ___ |

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) PAY THE WORK FEES OF THE POTENTIAL EXIT FINANCING LENDER; (II) PROVIDE THE DEPOSIT TO THE POTENTIAL EXIT FINANCING LENDER; AND (III) PROVIDE INDEMNIFICATION TO THE POTENTIAL EXIT FINANCING LENDER**

Upon consideration of the motion (the "Motion")[2] of Aventine Renewable Energy Holdings, Inc., a Delaware corporation, and certain of its direct and indirect subsidiaries, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order authorizing the Debtors to (i) pay the fees and expenses (the "Work Fees") of PNC Bank, National Association (together with its affiliates, "PNC") in connection with evaluating, preparing, submitting, and negotiating a senior secured revolving exit credit facility providing gross cash proceeds in an aggregate amount of up to $20,000,000 (the "Exit Facility"); (ii) provide an expense deposit to PNC in the amount of $50,000 to reimburse costs and expenses incurred in evaluating, preparing and submitting the Exit Facility and/or preparing and negotiating definitive documentation for such proposed Exit Facility (the "Deposit"); and (iii) provide the Indemnification to PNC for losses, claims, damages, expenses

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

DB02:8969919.4                                                                                                            068125.1001

and liabilities arising out of or related to the transactions contemplated by the Term Sheet; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§1408 and 1409; and notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, but not required, to pay (i) the Work Fees of PNC, including, but not limited to costs and expenses of providing PNC with appraisals, audits, environmental studies, financial reports and other documents requested in connection with PNC's diligence; and (ii) the Deposit to PNC; and it is further

ORDERED, that the Deposit shall be refundable to the Debtors (less costs and expenses incurred by PNC, including fees and disbursements of outside counsel) only in the event that PNC does not approve the transaction contemplated by the Term Sheet; and it is further

ORDERED, that the Debtors are authorized to indemnify and hold harmless PNC and each director, officer, employee and affiliate thereof (each, an "Indemnified Person"), from and against any or all losses, claims, damages, expenses and liabilities incurred by any Indemnified Party that arise out of or relate to any investigation or other proceeding (including any threatened investigation or litigation or other proceeding and whether or not such Indemnified Person is a party thereto) relating to the Term Sheet or the transactions contemplated therein, including, without limitation, the reasonable fees and disbursements of counsel (which fees and disbursements may include, but are not limited to, reasonable fee and

disbursements of in-house counsel incurred in connection with any of the foregoing), but excluding any of the foregoing claimed by any Indemnified Person to the extent incurred by reason of the gross negligence or willful misconduct of such Indemnified Person as determined by a final nonappeable judgment of court; and it is further

ORDERED, that nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the amounts authorized to be paid hereunder or to pay amounts to other potential exit financing lenders; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
January _____, 2010

_____
Kevin Gross
United States Bankruptcy Judge