# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVENTINE RENEWABLE ENERGY | ) | Case No. BK 09-11214 (KG) |
| HOLDINGS, INC., a Delaware Company, | ) | |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors[1]. | ) | Objection Deadline: January 6, 2010 at 4:00 p.m. |
| | ) | Hearing Date: January 13, 2010 at 4:00 p.m. |
| | ) | |
| | ) | Re: D.I. 618 |
| | ) | |
| | ) | |

## KIEWIT ENERGY COMPANY'S OBJECTION TO MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) PAY THE WORK FEES OF THE POTENTIAL EXIT FINANCING LENDER; (II) PROVIDE THE DEPOSIT TO THE POTENTIAL EXIT FINANCING LENDER; AND (III) PROVIDE INDEMNIFICATION TO THE POTENTIAL EXIT FINANCING LENDER

Kiewit Energy Company, a Delaware corporation ("Kiewit") objects to the Motion of the Debtors for an Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing the Debtors to (i) Pay the Work Fees of the Potential Exit Financing Lender; (ii) Provide the Deposit to the Potential Exit Financing Lender; and (iii) Provide Indemnification to the Potential Exit Financing Lender[2] (the "Work Fee Motion") for the reasons described below.

## BACKGROUND

1. On December 4, 2009, the Debtors filed their proposed joint plan of reorganization (the "Plan") and disclosure statement (the "Disclosure Statement"). The Plan proposes that the Debtors will obtain exit financing in the form of a $20,000,000.00 revolving credit line to finance in part its post-reorganization activities (the "Exit Facility") under the Plan.

---

[1] These Cases have been administratively consolidated under this case number. The Debtors in these Chapter 11 Cases, along with the case number of each Debtor's cases are: Aventine Renewable Energy Holdings, Inc. 09-11214 (KG), Aventine Renewable Energy, LLC 09-11215 (KG), Aventine Renewable Energy, Inc. 09-11216 (KG), Aventine Renewable Energy – Aurora West, LLC 09-11217(KG), Aventine Renewable Energy – Mt. Vernon, LLC 09-11218(KG), Aventine Power, LLC 09-11219 (KG), and Nebraska Energy, L.L.C. 09-11220 (KG).

In the Work Fee Motion, the Debtors disclose that the Exit Facility will be originated by PNC Bank, National Association ("PNC"). Contemporaneously with the filing of the Plan and Disclosure Statement, the Debtors filed Debtors' Motion for Entry of an Order Pursuant to Sections 105, 363, 503, 1123 and 1125 of the Bankruptcy Code (I) Approving the Debtors' Entry into the Backstop Commitment Agreement Related to the Offering of New Notes and Equity, and (II) Authorizing the Debtors' Payment of Related Fees, Expenses, and Indemnification to the Backstop Purchasers (the "Financing Motion"). Kiewit filed its objection to the Financing Motion on December 28, 2009 (D. I. 628) (the "Kiewit Financing Objection") on the following grounds:

    a.    The Financing Motion represents a "sub rosa" plan which, if approved, would bind the Debtors and the estates to a financing package tied to a plan of reorganization prior to approval of a disclosure statement for such plan as required by 11 U.S.C. § 1125.

    b.    The Disclosure Statement as currently proposed cannot be approved because it does not contain the necessary disclosures required by 11 U.S.C. § 1125, including, without limitation: (i) inadequate or no disclosures regarding why such financing is allegedly needed; (ii) multiple choice treatment of Kiewit's Class 4(b) secured claim which prevents Kiewit from being able to make an informed decision regarding its right to elect 11 U.S.C. § 1111(b) treatment for this claim; thereby causing the Debtors' financial projections to be speculative; (iii) conflicting disclosures regarding the status of Kiewit's lien and whether the Backstop Purchasers are to be granted a priming lien under 11 U.S.C. § 364(d) over Kiewit's Class 4(b) secured claim; (iv) if the Backstop Purchasers are being granted a priming lien under 11 U.S.C. §364(d) over Kiewit's Class 4 (b) secured claim, how Kiewit will be adequately protected; and (v) inadequate disclosures of the alternatives presented to the Debtors which they rejected in favor of

---

[2] Capitalized terms not otherwise defined herein shall have meanings ascribed to them in the Work Fee Motion.

the Plan.

    c.    The Financing Motion is premature. It is simply inexplicable why, by its terms,[3] the Debtors would grant the Backstop Purchasers not only a right to payment of their expenses (including attorneys fees) incurred to negotiate a plan that may never be confirmed, but in addition, a $3,000,000.00 break-up fee that is earned without ever providing a penny of financing.

    2.    In addition, Kiewit filed objections to the Debtors' Disclosure Statement (D.I. 599) and the related Approval and Procedures Motion (D.I. 619). (The foregoing objections and the Kiewit Financing Objection are hereinafter collectively referred to as the "Kiewit Objections".)

    3.    The Work Fee Motion seeks approval of Debtors' payment of undisclosed amounts of "Work Fees" to PNC as the proposed provider of the Exit Facility to fund in part the Reorganized Debtors' post-petition working capital obligations. It also seeks to provide a $50,000.00 deposit to PNC to reimburse certain costs and allow the Debtors to indemnify PNC for unspecified "losses, claims, damages, expenses and liabilities arising out of or related to the transactions." While such funding and a limited indemnification may be appropriate if the Disclosure Statement and Plan are ultimately approved, it is premature to do so prior to such approval. Similarly, the Work Fee Motion as presented is defective and should not be granted unless the Debtors cure the following defects therein: (a) the failure to disclose the amount and type of fees and expenses that are sought to be approved as "Work Fees" beyond the initial fifty thousand and 00/100 dollars ($50,000.00) deposit; and, (b) the failure to disclose the potential costs of the indemnification granted to PNC. Disclosures of these items should be made to

---

[3] Only a term sheet and letter agreement is provided and not the actual financing documents which calls into question the sufficiency of disclosure of the parties' proposed financing arrangement.

determine if the fees and expenses associated therewith are reasonable and necessary under the circumstances, generate value to the Debtors' estates and thereby merit approval.

## BASIS FOR OBJECTION

4. Initially for its objection to the Work Fee Motion, Kiewit incorporates all of the arguments raised in the Kiewit Objections. Kiewit submits that for all the reasons set forth therein, the Disclosure Statement, Plan and its financing as proposed under the Financing Motion cannot be approved as currently presented, and therefore, the Work Fee Motion should also be denied pending approval of a Disclosure Statement and confirmation of the Plan.

5. The Work Fee Motion, like the Financing Motion, is premature because it purports to bind these estates to pay a variety of undisclosed fees and expenses, and to provide unspecified amounts of potential indemnification related to an Exit Facility that may never be needed or utilized.

6. The Work Fee Motion fails to itemize the amount of the "Work Fees" or amount of indemnification that will be paid and/or provided to PNC, the timing of when such payments would be required, describe what "work" the "Work Fees" cover, or establish what benefit the Debtors' estates will receive in exchange for the "Work Fees" and indemnification prior to approval of a disclosure statement and plan requiring such exit financing.

7. In addition to the failure to itemize the "Work Fees" and levels of indemnification sought to be approved, the Work Fee Motion fails to disclose what benefit to the Debtors' estates will be obtained through binding the Debtors to these payments prior to the approval of a disclosure statement or a plan that requires such exit financing.

WHEREFORE, Kiewit Energy Company, a Delaware corporation, secured creditor, respectfully requests that the Court deny the Work Fee Motion, and grant such other and further relief as it deems appropriate.

DATED this 5th day of January, 2010.

Respectfully submitted,

Kiewit Energy Company

/s/ Ronald S. Gellert
Ronald S. Gellert
Eckert Seamans Cherin & Mellott LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801
(302) 425-0430
(302) 425-0432 fax

And

Robert J. Bothe, NE Bar #15018
James J. Niemeier, NE Bar #18838
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax

**Attorneys for Kiewit Energy Company**