IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 588** |

## DEBTORS' MOTION FOR LEAVE TO FILE REPLY OF THE DEBTORS TO THE OBJECTIONS OF CERTAIN PURPORTED EQUITY HOLDERS TO THE DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE DATED, AS OF DECEMBER 4, 2009

Aventine Renewable Energy Holdings, Inc. ("ARE Holdings") and its affiliated debtors and debtors in possession (together with ARE Holdings, collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order granting the Debtors leave and permission to file the *Reply of the Debtors to the Objections of Certain Purported Equity Holders to the Disclosure Statement for Debtors' Joint Plan Of Reorganization Under Chapter 11 of the Bankruptcy Code Dated, as of December 4, 2009* (the "Reply"),[2] attached hereto as Exhibit 1. In support of the Motion, the Debtors respectfully represent as follows:

1. On December 4, 2009, the Debtors filed the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated, as of December 4, 2009* (the "Original Plan") [Docket No. 587] and related disclosure statement (the "Original Disclosure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed in the Reply.

Statement") [Docket No. 588]. On December 7, 2009, the Debtors' claims agent caused to be served a notice of the hearing to consider the adequacy of the Original Disclosure Statement (the "Disclosure Statement Hearing"). The Disclosure Statement Hearing is scheduled for January 13, 2009 at 3:00 p.m.(ET), and objections to approval of the Original Disclosure Statement (as amended) were required to be filed with the Court and served upon counsel to the Debtors on or prior to January 5, 2009 at 4:00 p.m. (ET) (the "DS Objection Deadline").

2. As of the DS Objection Deadline, the Debtors had received: (i) formal objections from Kiewit Energy Company ("Kiewit") and Andrew Shirley ("Shirley"), (ii) a reservation of rights from the Prepetition Agent, and (iii) informal comments from the Pension Benefits Guaranty Corporation (the "PBGC") and the Creditors Committee. Additionally, after the DS Objection Deadline, objections were filed by four dissident shareholders (together with Shirley, collectively, the "Objectors").

3. Prior to and following the DS Objection Deadline, the Debtors spent a significant amount of time negotiating with Kiewit, the Prepetition Agent, the PBGC and the Creditors Committee (collectively, the "Resolved Parties") in order to resolve the issues raised by those parties. The Debtors were able to successfully resolve the Prepetition Agent's, the PBGC's and Creditors Committee's issues, which resolutions are embodied in amendments to the Original Plan (as filed and as may be further amended, modified or supplemented, the "Amended Plan") and Original Disclosure Statement (as filed, the "Amended Disclosure Statement").[3] The Debtors have further resolved, subject to documentation, the issues raised by Kiewit.

---

[3] The Debtors now seek approval of the Amended Disclosure Statement and ultimate, confirmation of the Amended Plan.

2

4.  The Debtors were unable, however, to resolve the issues raised by the Objectors. The Debtors believe that it is important that the Court understand (i) why certain issues raised by the Objectors (which relate to the confirmation of the Amended Plan) have not been, and fundamentally cannot be, resolved in connection with the Debtors' request for approval of the Amended Disclosure Statement, and (ii) how the additional disclosures requested by the Objectors either (a) were already sufficiently addressed by the Original Disclosure Statement, or (b) have been addressed through the inclusion of additional provision in the Amended Disclosure Statement. The Reply sets forth the applicable legal standard for evaluating whether confirmation-related issues should be decided at a hearing on approval of a disclosure statement—the confirmation-issues related to the Debtors' valuation raised by the Objectors are clearly beyond the scope of the applicable legal standard—and to illustrate for the Court how the disclosure issues raised by the Objector are adequately addressed in the Amended Disclosure Statement. The Debtors believe that the Reply will be helpful to the Court and other parties in interesting in evaluating whether the Amended Disclosure Statement should be approved in light of the issues raised by the Objectors.

5.  Pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. LR. 9006-1(d). The agenda for the Disclosure Statement Hearing was required to be filed at 12:00 p.m. (ET) January 11, 2010. Accordingly, any reply to the Objection was required to be filed at 4:00 p.m. (ET) on January 8, 2009 (the "Reply Deadline").

6. As of and beyond the Reply Deadline, the Debtors were in active negotiations with certain of the Resolved Parties. Because the Debtors were focused on resolving the issues raised by the Resolved Parties, they were unable to focus their efforts on formulating and completing a reply to the issues raised by the Objectors prior to the Reply Deadline.

7. By this Motion, the Debtors respectfully request entry of an order, in the form attached hereto as Exhibit 2, granting the Debtors leave and permission to file the Reply. The Reply is being filed in response to the Objectors and in support of approval of the Amended Disclosure Statement. The Reply also responds to certain legal arguments asserted in the Objection and certain requests for additional disclosure made by the Objectors.

8. The reasons set forth above support granting leave to file the Reply after the Reply Deadline, and the Debtors believe that the Reply will assist the Court in its consideration of approval of the Amended Disclosure Statement as containing adequate information.

WHEREFORE, the Debtors respectfully request that this Court enter the order attached hereto as Exhibit 2, allowing the Debtors to file the Reply and granting such other relief as is just and appropriate.

Dated: Wilmington, Delaware
January 12, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*