## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Aventine Renewable Energy Holdings, Inc., a | : | Case No. 09-11214 (KG) |
| Delaware Corporation, *et al.,*[1] | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | x | **Re: Docket No. 592** |

-------------------------------------------------------------

### ORDER PURSUANT TO SECTIONS 105, 363, 503, 1123 AND 1125 OF THE BANKRUPTCY CODE (I) APPROVING THE DEBTORS' ENTRY INTO THE BACKSTOP COMMITMENT AGREEMENT RELATED TO THE OFFERING OF NEW NOTES AND EQUITY, AND (II) AUTHORIZING THE DEBTORS' PAYMENT OF RELATED FEES, EXPENSES, AND INDEMNIFICATION TO THE BACKSTOP PURCHASERS

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession (collectively, the "Debtors") for an Order approving: (i) the Debtors' entry into that certain backstop commitment agreement, dated as of December 3, 2009 (the "Backstop Commitment Agreement") and the term sheet relating to the issuance of the Senior Secured Notes attached as an exhibit thereto (the "Senior Secured Notes Term Sheet") (collectively, the "Backstop Commitment Documents"), in connection with the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated as of December 4, 2009 (the "Plan"); (ii) the reimbursement of certain fees and expenses incurred in connection thereunder; and (iii) granting certain related relief (the "Motion")[2]; the Court, having reviewed the Motion

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt. Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and objections to the Motion having been filed by (i) Andrew Shirley [Docket No. 629] (the "Shirley Objection") and (ii) Kiewit Energy Company [Docket No. 628] (the "Kiewit Objection"; and the Kiewit Objection and the Shirley Objection having been withdrawn; and after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization; is a sound exercise of the Debtors' business judgment and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown. For purposes of section 363 of the Bankruptcy Code only, the Backstop Commitment Documents have been negotiated in good faith and at arm's length between the Debtors and the Backstop Purchasers.

Based on the above findings and conclusions, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on the terms and conditions set forth in this Order.

2.      All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled with prejudice.

3.      The Debtors' entry into the Backstop Commitment Documents attached hereto as Exhibit A (subject to the terms and conditions set forth therein and herein) is approved.

4. The payment of the reasonable fees and expenses of the Backstop Purchasers provided for in the Backstop Commitment Documents is approved.

5. The indemnification provisions set forth in the Backstop Commitment Agreement are approved.

6. The Break Up Fee provided for in the Backstop Commitment Documents (subject to satisfying the terms and conditions set forth in the Backstop Commitment Documents) is hereby approved as reasonable and accorded the status of administrative expense claims pursuant to section 503(b)(1) of the Bankruptcy Code.

7. In the event any of the Debtors (i) enter into an Alternate Transaction (as defined in the Backstop Commitment Agreement) and (ii) do not issue the Senior Secured Notes on the terms set forth in the Senior Secured Notes Term Sheet, the Debtors shall pay to each Backstop Purchaser (unless waived by such purchaser) its pro rata portion of an aggregate fee equal to $3,000,000, provided, however, that the Backstop Purchasers shall not be entitled to any Break Up Fee if a Backstop Termination Event has occurred (unless a Subsequent Transaction Event has occurred) or in the event the Backstop Purchasers are in breach of the Backstop Commitment Documents.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Backstop Purchasers are hereby granted all rights and remedies provided to them under the Backstop Commitment Documents, with respect to the Break Up Fee, Expense Reimbursement and/or the Indemnification provisions.

10.     Nothing in this Order shall affect the obligation of the Backstop Purchasers to purchase the Notes as set forth in the Backstop Commitment Documents in the event that any condition precedent to closing is not satisfied or waived.

11.     To the extent there is any inconsistency between the terms and conditions described in the Motion, on the one hand, and the terms and conditions of this Order, on the other hand, then the terms and conditions of this Order shall control.

12.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

13.     Notwithstanding the possible application of any rule under the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:  January 13 , 2010
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE