IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 619 & 679 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PROCEDURES, (B) APPROVING THE FORM AND NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO (A) CONFIRMATION OF THE PLAN, AND (B) THE DEBTORS' PROPOSED CURE AMOUNTS FOR UNEXPIRED LEASES AND EXECUTORY CONTRACTS ASSUMED PURSUANT TO THE PLAN; (IV) APPROVING THE SECURED NOTES OFFERING PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors") for entry of an order, pursuant to sections 1125 and 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, the Plan or the Disclosure Statement, as applicable.

District of Delaware (the "Local Rules"): (i) approving the Proposed Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated as of December 4, 2009 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Proposed Disclosure Statement"); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"), including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing (a) objections to confirmation of the Plan, and (b) the Debtors' proposed cure amounts for unexpired leases and executory contracts assumed pursuant to the Plan; (iv) approving the Secured Notes Offering Procedures; and (v) granting related relief; and it appearing that due adequate and sufficient notice of the Motion has been given under the circumstances; and the Debtors having filed on January 13, 2010 the Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated January 13, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Proposed Amended Disclosure Statement") [Docket No. 679]; and it further appearing that due adequate and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's

determination that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and sufficient cause appearing thereof,

**IT IS HEREBY FOUND THAT:**

A.  Notice of the Motion and the Disclosure Statement Hearing was served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

B.  The Proposed Amended Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.  The forms of ballot annexed hereto as <u>Exhibit B</u> are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each of the class of claims that is entitled to vote to accept or reject the Plan.

D.  Ballots need not be provided to the holders of claims and interests in (i) Class 1 (Other Priority Claims), (ii) Class 3 (Other Secured Claims), (iii) Class 4(a) (Kiewit Mt. Vernon Secured Claim), and (iv) Class 8 (Intercompany Claims), because such holders are deemed to accept the Plan.

E.  Ballots need not be provided to the holders of interests in Classes 9(b)-9(f) (equity interests in Debtors other than ARE Holdings and ARE LLC), because such holders are deemed to reject the Plan.

F.  The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

G. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H. The Secured Notes Offering Procedures and Subscription Form, attached hereto as Exhibits E and F, respectively, are appropriate under the circumstances.

I. The notice substantially in the form annexed hereto as Exhibit A (the "Confirmation Hearing Notice") and the procedures set forth below for providing such notice to all creditors and equity security holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled with prejudice.

3. The Proposed Amended Disclosure Statement is APPROVED (as so approved, the "Disclosure Statement").

4. The record date is established as **January 13, 2010** (the "Record Date") for purposes of this Order and determining which creditors are entitled to vote on the Plan and which creditors and interest holders receive materials which include notices of non-voting status.

5. The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice, on or before the date that is seven (7) days after the date of entry of this Disclosure Statement Order (the "Solicitation Commencement Date").

6. The Debtors are authorized and empowered to commence distribution of the packages containing solicitation materials (the "Solicitation Packages") to the Voting Classes including (a) this Order (without the exhibits annexed hereto) and (b) a ballot, together with a return envelope and the Disclosure Statement (with the Plan and other exhibits annexed thereto)[3] no later than the Solicitation Commencement Date.

7. By the Solicitation Commencement Date, the Debtors shall commence or cause service of a copy of (i) this Order (without the exhibits annexed hereto), (ii) the Confirmation Hearing Notice, and (iii) the Disclosure Statement (together with the Plan and other exhibits annexed thereto) to, among other parties (to the extent such parties did not otherwise receive Solicitation Packages):

    (a)    the United States Trustee for the District of Delaware;

    (b)    counsel for the Committee;

    (c)    counsel to the agent for the Debtors' prepetition secured lenders;

    (d)    counsel to the agent for the Debtors' postpetition secured lenders;

    (e)    the Indenture Trustee for the Debtors' Prepetition Unsecured Notes and its counsel;

    (f)    the Securities and Exchange Commission;

    (g)    the United States Attorney's Office for the District of Delaware;

    (h)    the Department of Justice;

---

[3] To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors may distribute either paper copies or electronic copies in "pdf" format on CD-ROM, at their sole discretion; provided, that the Debtors shall make paper copies available upon written request by a party in interest.

(i) the Internal Revenue Service (including the Delaware and Washington D.C. offices);

(j) the Environmental Protection Agency;

(k) relevant federal, state and local taxing authorities at their statutory addresses;

(l) relevant state and local environmental agencies; and

(m) all parties who have filed a request for service of all pleadings pursuant to and in accordance with Bankruptcy Rule 2002 as of the day prior to service.

8. The Ballots, including the Class 5 Master Ballot and Class 9(a) Master Ballot, which shall be in substantially the forms annexed hereto as Exhibit B, are approved.

9. Within three (3) days of the Record Date, the Pre-Petition Agent shall provide to the Balloting Agent a written list of the Pre-Petition Lenders holding claims in Class 2 as of the Record Date, including contact information and voting amount for each such creditor (the "Class 2 Voting List"). Only holders of Class 2 Claims listed on the Class 2 Voting List will be entitled to vote, and such creditors will only be entitled to vote in the amount set forth in the Class 2 Voting List, except as otherwise set forth herein or pursuant to any order of the Court. With respect to Class 2, the Balloting Agent shall provide the Pre-Petition Agent, with sufficient copies of the Solicitation Packages and the appropriate ballot and the Pre-Petition Agent shall be required to send the Solicitation Packages to the lenders holding Class 2 Claims.

10. For the holders of Claims in Class 5, the Debtors shall distribute Class 5 Master Ballots and sufficient Solicitation Packages containing individual Class 5 Ballots and the Subscription Forms to the record holders of the Prepetition Unsecured Notes, including brokers, banks, commercial banks, transfer agents, trust companies, dealers or other agents or nominees (each a "Prepetition Unsecured Notes Nominee"). The Prepetition Unsecured Notes Nominees shall forward Solicitation Packages, including individual Class 5 Ballots and the Subscription

6

Forms, to the beneficial holders of Class 5 Claims for voting and include a return envelope provided by and addressed to the respective Prepetition Unsecured Notes Nominee. The beneficial holders of Class 5 Claims shall return their completed individual Ballots (but not the Subscription Forms) to the Prepetition Unsecured Notes Nominee so that the individual Ballots are received by the date that is three (3) business days prior to the Voting Deadline or such earlier date as may be established by a Prepetition Unsecured Notes Nominee, in the exercise of its reasonable discretion. The beneficial holders of Class 5 Claims should return their completed Subscription Forms to the Debtors so that they are received no later than **5:00 p.m. (prevailing Eastern Time) on February 17, 2010**. The Prepetition Unsecured Notes Nominees shall collect the individual Class 5 Ballots, tabulate the votes submitted by the holders of claims within Class 5 and record them on their respective Class 5 Master Ballot. The Prepetition Unsecured Notes Nominees shall submit the Class 5 Master Ballots to the Balloting Agent, as well as all of the individual Ballots cast in Class 5, so as to be received on or before the Voting Deadline.

11. The Debtors shall not be required to distribute any ballots to individual creditors asserting claims based solely on their ownership of the Prepetition Unsecured Notes, and holders of Class 5 Claims should not submit individual ballots to the Balloting Agent. The Balloting Agent shall not tabulate any ballots cast in Class 5 other than the Class 5 Master Ballots.

12. The Debtors may, in their reasonable discretion, provide creditors in Class 2 and Class 5 a single ballot with respect to all of the Debtors rather than requiring such creditors to vote their claims as against each of the Debtors on separate ballots.

13. For holders of interests in Class 9(a), the Debtors shall distribute to each Equity Voting Nominee a Class 9(a) Master Ballot and sufficient Solicitation Packages,

including individual Class 9(a) Ballots, to distribute to the Beneficial Owners holding Equity Interests in Class 9(a). Each Equity Voting Nominee shall forward Solicitation Packages, including individual Class 9(a) Ballots, to the Beneficial Owners for voting and include a return envelope provided by and addressed to such Equity Voting Nominee. Each Beneficial Owner shall return its completed individual Ballot to its respective Equity Voting Nominee so that the individual Ballot is received by the date that is three (3) business days prior to the Voting Deadline or such earlier date as may be established by its respective Equity Voting Nominee, in the exercise of the Equity Voting Nominee's reasonable discretion. Each Equity Voting Nominee shall collect the individual Ballots, tabulate the votes submitted by the holders of Class 9(a) Equity Interests and record them on its respective Class 9(a) Master Ballot. Each Equity Voting Nominee shall submit its Class 9(a) Master Ballot, as well as all original copies of the individual Ballots cast in Class 9(a) that it has received from Beneficial Owners, so as to be received on or before the Voting Deadline.

14. The actual and reasonable costs of the Pre-Petition Agent, each Prepetition Unsecured Notes Nominee and each Equity Voting Nominee of soliciting, collecting and tabulating the individual ballots shall be borne by the Debtors.

15. Solicitation Packages, which shall include individual Ballots, shall be distributed to holders, as of the Record Date, of claims in Classes 2(a)-2(f) (Prepetition Secured Credit Facility Claims), Class 4(b) (Kiewit Aurora West Secured Claim), Classes 5(a)-5(f) (Prepetition Unsecured Notes Claims), Classes 6(a)-6(f) (General Unsecured Claims), Classes 7(a)-7(f) (Convenience Claims), and Class 9(a) (Equity Interests in ARE Holdings and ARE LLC as substantively consolidated and merged in accordance with the Plan), which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

16. In addition to receiving a Solicitation Package, holders of Claims in Classes 5(a) – 5(f) (Prepetition Unsecured Notes Claims) shall receive the Secured Notes Offering Procedures and a Subscription Form, substantially in the forms attached hereto as Exhibit E and Exhibit F, respectively.

17. An electronic copy in "pdf" format on CD-ROM or paper copy of the Confirmation Hearing Notice and a notice of non-voting status, in substantially in the form annexed hereto as Exhibit C (the "Notice of Non-Voting Status"), shall be distributed to holders, as of the Record Date, of unimpaired claims in (i) Class 1(a)-1(f) (Other Priority Claims), (ii) Classes 3(a)-3(f) (Other Secured Claims), (iii) Class 4(a) (Kiewit Mt. Vernon Secured Claim), and (iv) Classes 8(a)-8(f) (Intercompany Claims) that are deemed to accept the Plan. The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this Order to any holder of a claim of interest in Classes 1(a)-1(f), Classes 3(a)-3(f), Class 4(a), or Classes 8(a)-8(f), unless such holder makes a specific request in writing for the same.

18. An electronic copy in "pdf" format on CD-ROM or paper copy of the Confirmation Hearing Notice and a Notice of Non-Voting Status shall be distributed to holders, as of the Record Date, of impaired claims in Classes 9(b)-9(f) (equity interests in Debtors other than ARE Holdings and ARE LLC) that are deemed to reject the Plan. The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this Order to any holder of a claim of interest in Classes 9(b)-9(f) unless such holder makes a specific request in writing for the same.

19. To the extent that holders of Administrative Claims, DIP Financing Claims, Fee Claims and Priority Tax Claims are not otherwise entitled to receive a Solicitation Package, on the Solicitation Commencement Date, the Debtors will commence distribution of

9

DB02:9105472.4                                                                                                    068125.1001

this Order (excluding exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits annexed thereto) and such other materials as the Court may direct to all known holders of such Claims in "pdf" format on CD-ROM or paper copy.

20. With respect to addresses from which one or more prior notices served in these cases were returned as undeliverable or from which mailing made pursuant to this Order are returned as undeliverable, the Debtors are excused from distributing Solicitation Packages to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to locate more current addresses. Failure to attempt to re-deliver Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

21. All ballots must be properly executed, completed, and the original thereof shall be delivered by first class mail, overnight mail, or mail delivery to the Balloting Agent so as to be actually received by no later than the Voting Deadline. Ballots cast by facsimile, email or other electronic transmission will not be counted.

22. For purposes of voting on the Plan, the amount of a claim held by a creditor or the number of any interests held by an interest holder shall be determined pursuant to the following guidelines:

   a. The claim listed in the Debtors' Schedules; provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); provided, further, that no party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

b. The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or Garden City (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection filed no later than **February 3, 2010** ("Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order

c. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that such allowance for voting purposes be after notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

d. Except as otherwise provided in subsection (c) hereof, with respect to ballots cast by alleged creditors whose claims (i) are not listed on the Debtors' schedule of liabilities or (ii) are listed as disputed, contingent and/or unliquidated on the Debtors' schedule of liabilities, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

23. The Debtors may object to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a Determination Motion no later than the Voting Objection Deadline. Further, if a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection filed no later than the Voting Objection Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018, that the creditor's ballot not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), and after a Claims Estimation Motion (as defined below) is filed. Notwithstanding the foregoing, if an objection to a claim requests that

11

such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall be counted in such reduced amount and/or as the reclassified category.

24. If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), the Debtors request that such creditor be required to file a motion (the "Claims Estimation Motion") for such by the later of (a) the Voting Objection Deadline, or (b) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

25. In the Event that a Determination Motion or Claims Estimation Motion is filed, the Debtors request that the Court allow the non-moving party to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"), and that a hearing, subject to the Court's availability, be scheduled within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. The Debtors further request that the ruling by the Court on any Determination Motion or Claims Estimation Motion be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) would be counted, for voting purposes only, in the amount determined by the Court.

26. The Debtors propose that in the event that a claimant reaches an agreement with the Debtors as to the treatment of its claim for voting purposes, a stipulation setting forth that agreement shall be presented to the Court for approval by notice of proposed stipulation and order, with presentment upon three (3) business days' notice to the Notice Parties.

27. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b.  Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

c.  Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d.  Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

e.  Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f.  Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g.  Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

h.  If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

i.  Each creditor shall be deemed to have voted the full amount of its claim.

j.  Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

28. Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below,

13

DB02:9105472.4                                                                                         068125.1001

and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **4:00 p.m. (prevailing Eastern Time) on February 17, 2010**, which deadline may be extended by the Debtors (the "Confirmation Objection Deadline"). The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance with the provisions of the Motion are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties: (i) Young Conaway Stargatt & Taylor, LLP; The Brandywine Building; 1000 West Street, 17th Floor; P.O. Box 391; Wilmington, Delaware 19899-0391 (Attn.: Joel A. Waite, Esq. and Matthew B. Lunn, Esq.), counsel to the Debtors; (ii) the United States Trustee for the District of Delaware; 844 King Street, Suite 2207, Lockbox #35; Wilmington, Delaware 19801 (Attn.: Mark S. Kenney, Esq.); (iii) Greenberg Traurig, LLP; The Nemours Building; 1007 North Orange Street, Suite 1200; Wilmington, Delaware 19801 (Attn: Donald Detweiler, Esq.), counsel to the Committee; and (iv) Akin, Gump, Strauss, Hauer & Feld, LLP; One Bryant Park; New York, New York 10036 (Attn: Michael Stamer, Esq. and Shaya Rochester, Esq.), counsel to the Backstop Purchasers (collectively, the "Notice Parties").

29. The Debtors, the Committee and any other party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the commencement of the Confirmation Hearing.

30. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, none of the Debtors, the Backstop Purchasers, or their respective directors, officers, employees, shareholders, members, partners, agents or representatives (including attorneys, accountants, financial advisors and investment bankers), each solely in their capacity as such, shall have any liability on account of soliciting votes on the Plan or

14

participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale or purchase of securities.

31. The Confirmation Hearing Notice is approved.

32. The Confirmation Hearing will be held at **3:00 p.m. (prevailing Eastern Time) on February 24, 2010**; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors, other than an announcement at or before the Confirmation Hearing or any adjourned Confirmation Hearing.

33. The Debtors shall mail to all creditors and equity security holders a copy of the Confirmation Hearing Notice. The Debtors shall also publish the Confirmation Hearing Notice at least twenty-eight (28) days before the last date to object to confirmation of the Plan in the national edition of the New York Times or the Wall Street Journal. Additionally, the Debtors will post the Confirmation Hearing Notice electronically on their reorganization website http://www.aventineinfo.com.

34. Objections to confirmation of the Plan, if any, must: (a) be made in writing; (b) state with particularity the legal and factual ground therefor, and, if practicable, propose modification to the Plan that would resolve such objection; (c) conform to the Bankruptcy Rules and Local Rules; and (d) be served so as to be received by each of the Notice Parties no later than the Confirmation Objection Deadline.

35. Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered by the Court and shall be overruled.

36. The following procedures are approved for establishing the Cure Amounts for the executory contracts and leases to be assumed pursuant to the Plan:

i.  the Debtors will cause the *Notice of (I) Possible Assumption of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto*, substantially in the form attached hereto as Exhibit D, to be served on the non-debtor parties to all executory contracts and unexpired leases potentially to be assumed as part of the Plan. Among other things, the Contract Party Notice shall set forth the amount that the Debtors believe must be paid in order to cure all monetary defaults under each of the Assumed Contracts and Leases;

ii.  the non-debtor parties to the Assumed Contracts and Leases shall have until the Cure Objection Deadline (as defined below) to object (a "Cure Objection") to the (a) Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (b) proposed assumption of the Assumed Contracts and Leases under the Plan;

iii.  any party objecting to the Cure Amount(s), whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable Assumed Contract or Lease, or objecting to the potential assumption of such Assumed Contract or Lease, shall be required to file and serve a Cure Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Assumed Contract or Lease and/or any and all objections to the potential assumption of such Assumed Contract or Lease, together with all documentation supporting such cure claim or objection, upon each of the Notice Parties so that the Cure Objection is actually received by them no later than the date that is twenty (20) days from the date of the Contract Party Notice, as may be extended by the Debtors (the "Cure Objection Deadline"); provided, however, that if the Debtors amend the Contract Party Notice or any related pleading that lists the Assumed Contracts and Leases to add a contract or lease or to reduce the cure amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor party thereto shall have at least seven (7) calendar days after service of such amendment to object thereto or to propose an alternative cure amount(s). If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Bankruptcy Court shall determine the amount of any disputed Cure Amount(s) or objection to assumption at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree. The Debtors may, in their sole discretion, extend the Cure Objection Deadline without further notice, but are not obligated to do so; and

iv.  in the event that no Cure Objection is timely filed with respect to an Assumed Contract or Lease, the counterparty to such Assumed

16

> Contract or Lease shall be deemed to have consented to the assumption of the Assumed Contract or Lease and the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Assumed Contract or Lease, upon the Effective Date of the Plan, the Reorganized Debtors and the counterparty to such Assumed Contract or Lease shall enjoy all of the rights and benefits under the Assumed Contract or Lease without the necessity of obtaining any party's written consent to the Debtors' assumption of the Assumed Contract or Lease, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of the Assumed Contract or Lease.

The Contract Party Notice shall include Cure Amounts through and including December 31, 2009. The Debtors shall pay all <u>undisputed</u> amounts arising in the ordinary course under each Assumed Contract or Lease on and after January 1, 2010, and, accordingly, counterparties to the Assumed Contracts and Leases should not submit Cure Objections on account of Cure Amounts of any <u>undisputed</u> amounts arising in the ordinary course under the Assumed Contracts and Leases on and after January 1, 2010.

37. The inclusion of an Assumed Contract or Lease in the Contract Party Notice is without prejudice to the Debtors' right to modify their election to assume or to reject such Assumed Contract or Lease prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) deeming any such Assumed Contract or Lease assumed or rejected, and inclusion in the Contract Party Notice is <u>not</u> a final determination that any Assumed Contract or Lease will, in fact, be assumed.

38. The Secured Notes Offering Procedures and Subscription Form are approved, and the Debtors are authorized to expend funds as are necessary to implement the Secured Notes Offering Procedures.

17

39. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

40. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, ballots, Confirmation Hearing Notice, the Contract Party Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

41. The Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: Wilmington, Delaware
January 13, 2010

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

18
DB02:9105472.4                                                                 068125.1001