# **EXHIBIT C**

## Notice of Non-Voting Status

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE THAT:**

1. By order entered on January [13], 2009 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the Debtors' Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated as of January 13, 2010 (as it may be amended and/or modified, the "Disclosure Statement"), filed by Aventine Renewable Energy Holdings, Inc. and its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), and authorized the Debtors to solicit votes to accept or reject the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated as of January 13, 2010 (as it may be amended and/or modified, the "Plan"), annexed as Exhibit A to the Disclosure Statement. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan.

2. UNDER THE TERMS OF THE PLAN, HOLDERS OF "OTHER PRIORITY CLAIMS" (CLASSES 1(a)-(f)), "OTHER SECURED CLAIMS" (CLASS 3), "KIEWIT MT. VERNON SECURED CLAIM" (CLASS 4(a)), AND "INTERCOMPANY CLAIMS" (CLASSES 8(a)-(f)) WILL RECEIVE PAYMENT IN FULL OF THEIR CLAIMS AND, ACCORDINGLY, ARE (A) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN, AND (B) NOT ENTITLED TO VOTE ON THE PLAN ON ACCOUNT OF SUCH CLAIMS AND INTERESTS.

3. FURTHERMORE, UNDER THE TERMS OF THE PLAN, HOLDERS OF "EQUITY INTERESTS" IN DEBTORS (CLASSES 9(b)-9(g)) OTHER THAN ARE HOLDINGS AND ARE LLC AS SUBSTANTIVELY CONSOLIDATED AND MERGED IN ACCORDANCE WITH THE PLAN AND WILL NEITHER RECEIVE NOR RETAIN ANY CONSIDERATION NOR RETAIN ANY PROPERTY UNDER THE PLAN AND, ACCORDINGLY, ARE (A) CONCLUSIVELY PRESUMED TO HAVE REJECTED THE PLAN, AND (B) NOT ENTITLED TO VOTE ON THE PLAN ON ACCOUNT OF SUCH CLAIMS AND INTERESTS.

4. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS HOLDING A CLAIM OR INTEREST IN ONE OF THE CLASSES IDENTIFIED ABOVE THAT ARE NOT ENTITLED TO VOTE ON THE PLAN.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

5.  Articles VII(D) and VII(E) of the Plan contain the following injunctive provisions:

*The rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors, the Debtors in Possession, the Reorganized Debtors or any of their respective assets or properties, arising prior to the Effective Date. Except as otherwise expressly specified in the Plan, the Confirmation Order shall act as of the Effective Date as a discharge of all debts of, Claims against, and Liens on the Debtors, their respective assets and properties, arising at any time before the entry of the Confirmation Order, regardless of whether a proof of Claim with respect thereto was filed, whether the Claim is Allowed, or whether the holder thereof votes to accept the Plan or is entitled to receive a distribution hereunder. Except as otherwise expressly specified in the Plan, after the Effective Date, any holder of such discharged Claim shall be precluded from asserting against the Debtors, the Reorganized Debtors, or any of their respective assets or properties, any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order.*

*Except as otherwise expressly provided in the Plan, the Confirmation Order, or a separate order of the Court, all entities who have held, hold, or may hold Claims against the Debtors that arose before or were held as of the Effective Date, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or the Reorganized Debtors, with respect to any such Claim, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtors or the Reorganized Debtors on account of any such Claim, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or the Reorganized Debtors or against the property or interests in property of the Debtors on account of any such Claim and (d) asserting any right of setoff, or subrogation of any kind against any obligation due from the Debtors or the Reorganized Debtors or against the property or interests in property of the Debtors on account of any such Claim. Such injunction shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property. Such injunction shall not apply in respect of Ordinary Course Administrative Claims.*

6.  Articles VII(I) and VII(J) of the Plan contain the following releases:

*On the Effective Date, the Debtors and the Reorganized Debtors, on behalf of themselves and their estates, shall be deemed to release unconditionally the Released Parties from any and all claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon actions taken solely in their respective capacities described above or any omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, except that (i) no individual shall be released from any act or omission that constitutes gross negligence or willful misconduct, (ii) the Reorganized Debtors shall not relinquish or waive the right to assert any of the foregoing as a legal or equitable defense or right of set off or recoupment against any Claims of any such persons asserted against the Debtors, and (iii) the foregoing release shall not apply to any obligations that remain outstanding in respect of loans or advances made to individuals by the Debtors.*

*On the Effective Date, all Persons who (a) directly or indirectly, have held, hold, or may hold Claims, (b) vote to accept the Plan as set forth on the relevant Ballot, and (c) do not mark their Ballot to indicate their refusal to grant the releases provided in Article [•], shall be deemed, by virtue of their receipt of Distributions and/or other treatment contemplated under the Plan, to have forever released and covenanted with the Released Parties not to (y) sue or otherwise seek recovery*

*from any of the Released Parties on account of any Claim, including but not limited to any Claim based upon tort, breach of contract, violations of federal or state securities laws or otherwise, based upon any act, occurrence, or failure to act from the beginning of time through the Effective Date in any way related to the Debtors or their business and affairs or (z) assert against any of the Released Parties any claim, obligation, right, cause of action or liability that any holder of a Claim or Interest may be entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any act or omission, transaction, or occurrence from the beginning of time through the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, provided, however, (i) none of the Released Parties shall be released from any claim based on any act or omission that constitutes gross negligence or willful misconduct, (ii) the foregoing release shall not apply to Ordinary Course Administrative Claims and Fee Claims, and (iii) obligations arising under the Plan. Notwithstanding anything to the contrary in the Plan, the releases of the Released Parties shall extend only to claims arising against such Released Parties in their capacity as parties in interest in the Chapter 11 cases.*

7. Article VII(K)(1) of the Plan contains the following Exculpation and Limitation of Liability:

*The Released Parties (i) shall have no liability whatsoever to any holder or purported holder of an Administrative Claim, Claim, or Equity Interest for any act or omission in connection with, or arising out of, the Plan, the Disclosure Statement, the negotiation of the Plan, the negotiation of the documents included in the Plan Supplement, the pursuit of approval of the Disclosure Statement or the solicitation of votes for confirmation of the Plan, the Chapter 11 Cases, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, or any transaction contemplated by the Plan or Disclosure Statement or in furtherance thereof except for any act or omission that constitutes willful misconduct or gross negligence as determined by a Final Order, and (ii) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. The exculpation set forth in Article [•] shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting such Released Parties from liability.*

8. Article VII(K)(2) of the Plan contains the following Injunction in Respect of the Released Parties:

*Pursuant to section 105 of the Bankruptcy Code, no holder or purported holder of an Administrative Claim, Claim or Equity Interest shall be permitted to commence or continue any action, employment of process, or any act to collect, offset, or recover any Claim against any of the Released Parties that accrued on or prior to the Effective Date and that has been released or waived pursuant to Articles _____ or _____ of the Plan.*

9. Copies of the Disclosure Statement Order, the Plan and the Disclosure Statement are available for inspection on the Court's website at http://ecf.deb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") website are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement Order, the Plan and the Disclosure Statement may also be examined between the hours of 8:00 A.M. and 4:00 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies may also be obtained online at the website of the Debtors' claims agent, The Garden City Group, Inc. ("Garden City"), at http://www.aventineinfo.com, or by written request to Garden City at the following address and telephone number: The Garden City Group, Inc., Attn: Aventine Renewable Energy Holdings, Inc., P.O. Box 9000 #6527, Merrick, NY 11566-9000, (631) 470-5000.

## **DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

10. Objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, filed with the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801 together with proof of service, and shall: (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; (c) provide proposed language to remedy any objection asserted; and (d) be served by hand delivery or in a manner as will cause such objection to be **received** on or before **February 17, 2010 at 4:00 p.m. (prevailing Eastern Time)**, upon: (i) Young Conaway Stargatt & Taylor, LLP; The Brandywine Building; 1000 West Street, 17th Floor; P.O. Box 391; Wilmington, Delaware 19899-0391 (Attn.: Joel A. Waite, Esq. and Matthew B. Lunn, Esq.), counsel to the Debtors; (ii) the United States Trustee for the District of Delaware; 844 King Street, Suite 2207, Lockbox #35; Wilmington, Delaware 19801 (Attn.: Mark S. Kenney, Esq.); (iii) Greenberg Traurig, LLP; The Nemours Building; 1007 North Orange Street, Suite 1200; Wilmington, Delaware 19801 (Attn: Donald Detweiler, Esq.), counsel to the Committee; and (iv) Akin, Gump, Strauss, Hauer & Feld, LLP; One Bryant Park; New York, New York 10036 (Attn: Michael Stamer, Esq. and Shaya Rochester, Esq.), counsel to the Backstop Purchasers. Any objections not filed and served as set forth above will not be considered by the Bankruptcy Court.

Dated: Wilmington, Delaware
January [__], 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Counsel to the Debtors and Debtors in Possession