# **EXHIBIT D**

Cure Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**, a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>(Jointly Administered) |

### NOTICE OF (I) POSSIBLE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES (II) FIXING OF CURE AMOUNTS AND (III) DEADLINE TO OBJECT THERETO

**PLEASE TAKE NOTICE** that on December 22, 2009, Aventine Renewable Energy Holdings, Inc. and its affiliated debtors and debtors-in-possession in the above captioned cases (each a "Debtor," and collectively, the "Debtors") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") *Debtors' Motion for Order (I) Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, Including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of the Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to (A) Confirmation of the Plan, and (B) the Debtors' Proposed Cure Amounts for Unexpired Leases of Executory Contracts Assumed Pursuant to the Plan; (IV) Approving the Secured Notes Offering Procedures; and (V) Granting Related Relief* [Docket No. 619] (the "Solicitation Motion"). The Solicitation Motion sought approval of, among other things, procedures for the fixing of Cure Amounts (as defined below) in connection with the potential assumption of certain executory contracts and unexpired leases (collectively, the "Contracts") pursuant to the *Debtors' First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated as of January 13, 2010* (the "Plan"), and the deadline to object to such Cure Amounts or assumptions.

**PLEASE TAKE FURTHER NOTICE** that on the schedule annexed hereto as Exhibit 1, the Debtors have indicated the cure amounts, calculated as of December 31, 2009,[2] that the Debtors believe must be paid to compensate the non-Debtor parties for any actual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

[2] The Debtors will pay amounts due after December 31, 2009, in the ordinary course as and when such undisputed amounts come due. Accordingly, parties are not required to assert Cure Objections for amounts coming due under the applicable Assumed Contract or Lease on or after January 1, 2010.

pecuniary losses arising from any defaults under the Debtors' executory contracts and unexpired leases (each an "Assumed Contract or Lease" and collectively, the "Assumed Contracts and Leases") being assumed under the Plan with such non-Debtor parties (in each instance, the "Cure Amount").[3]

**PLEASE TAKE FURTHER NOTICE** that any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption of such Contract(s), shall be required to file and serve an objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Contracts and/or any and all objections to the potential assumption of such agreements, together with all documentation supporting such cure claim or objection. Any objections to the proposed assumption of the Contract(s) and/or the corresponding Cure Amount(s), must be filed with the Clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, and served upon each of the following notice parties so that the objection is received no later than **February [ ], 2010 at 4:00 p.m. prevailing Eastern Time** (the "Cure Objection Deadline"):

The Debtors: Aventine Renewable Energy Holdings, Inc., 120 North Parkway Drive, Pekin, Illinois 61554, attention: George T. Henning and Chris Nichols, Esq., with a copy to Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19801, attention: Joel A. Waite, Esq. and Matthew B. Lunn, Esq.

The Creditors Committee: Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, attention: Donald Detweiler, Esq.

The Backstop Purchasers: Akin, Gump, Strauss, Hauer & Feld, LLP, One Bryant Park, New York, New York 10036, attention: Michael Stamer, Esq.

The Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, attention: Mark S. Kenney, Esq.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and the parties are unable to settle such objection, a hearing with respect to the assumption of your Contract and/or your Cure Amount will be held at the time of the Confirmation Hearing (**February 24, 2010 at 3:00 p.m. (ET)**) or such other hearing date to which the parties may mutually agree before the Honorable Kevin Gross in the United States Bankruptcy Court for the District of Delaware, 6th Floor, 824 Market Street, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that in the event that no Cure Objection is timely filed with respect to an Assumed Contract or Lease, the counterparty to such Assumed Contract or Lease shall be deemed to have consented to the Cure Amount proposed by the

---

[3] To the extent that any Contract previously has been rejected in part, with respect to certain locations or equipment covered by a Contract, the inclusion of such Contract on Exhibit 1 refers solely to the proposed assumption of those portions of the Contract not previously rejected pursuant to Court Order.

2

Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Assumed Contract or Lease, upon the Effective Date of the Plan, the Reorganized Debtors and the counterparty to such Subject Contract shall enjoy all of the rights and benefits under the Assumed Contract or Lease without the necessity of obtaining any party's written consent to the Debtors' assumption of the Subject Contract, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of the Assumed Contract or Lease.

**PLEASE TAKE FURTHER NOTICE** that if you agree with assumption of your Contract and the Cure Amount indicated, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors amend the list of Assumed Contracts and Leases and/or Cure Amounts annexed hereto, or any related pleading that lists the Assumed Contracts and Leases to add a contract or lease or to reduce the Cure Amounts, except where such reduction was based upon the mutual agreement of the parties, the affected non-debtor party(ies) shall be provided prompt notice and shall have at least seven (7) calendar days to object thereto or to propose an alternative Cure Amount(s).

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Contract herein is without prejudice to the Debtors' right to modify their election to assume or to reject such Contract prior to the entry of a final, non-appealable order (which order may be the confirmation order) deeming such Contract assumed or rejected, and inclusion of a Contract herein is <u>not</u> a final determination that such Contract will, in fact, be assumed.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Contract herein shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: Wilmington, Delaware  
January [____], 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____  
James L. Patton, Jr. (No. 2202)  
Joel A. Waite (No. 2925)  
Matthew B. Lunn (No. 4119)  
Ryan M. Bartley (No. 4985)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, DE 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 1**

Proposed Cure Amounts