## Exhibit E

**Form of Kiewit Note**

-[EFFECTIVE DATE]                                                    $5,251,808.00

## NON-RECOURSE SECURED NOTE

Subject to and solely in accordance with the terms hereof, AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC, a Delaware limited liability company ("Maker"), promises to pay to the order of KIEWIT ENERGY COMPANY, a Delaware corporation or its successors and assigns ("Payee"), at Payee's offices at 1000 Kiewit Plaza, 3555 Farnam Street, Omaha, Nebraska 68131, Attention: Scott A. Schmidt, Douglas County, State of Nebraska, the principal sum of Five Million Two Hundred Fifty-One Thousand Eight Hundred Eight and 00/100 Dollars ($5,251,808.00) (the "Principal Amount"), legal tender of the United States, as follows:

(a) Interest Rate.

(i) Interest shall be calculated on the basis of a year of 360 days and charged for the actual number of days elapsed.

(ii) So long as no Event of Default has occurred, interest shall accrue on the outstanding Principal Amount of this note (the "Note") at a rate of five percent (5.0%) per annum, compounded semi-annually. Upon the occurrence of an Event of Default under (e)(i) below, interest shall accrue on the outstanding Principal Amount at the default rate of ten percent (10.0%) per annum from the expiration of any applicable cure period until such unpaid amounts are paid in full.

(b) Maturity. This Note shall mature on the earlier of (i) [four years after Effective Date] and (ii) 120 days after the date on which Maker's ethanol facility located at the Premises (as hereinafter defined) is completed and operating at 90% of nameplate capacity (nameplate capacity shall mean production of 108,000,000 gallons per year of un-denatured ethanol) (such date, the "Maturity Date").

(c) Payment Schedule.

(i) On [month and date 6 months after Effective Date] and on the corresponding date in each subsequent sixth (6th) month prior to the Maturity Date, Maker shall pay to Payee a principal payment of Five Hundred Thousand Dollars ($500,000) together with all accrued and unpaid interest on the outstanding Principal Amount.

(ii) The entire principal balance, if not sooner paid, together with other sums, if any, due hereunder, shall be due and payable on the Maturity Date, as set forth above, subject to acceleration upon the occurrence of an Event of Default (as hereinafter defined).

(iii) All payments made pursuant to this paragraph (c) shall be applied first to accrued interest, and the balance of such payments shall be applied to the reduction of principal.

(iv) Maker may prepay this Note at any time without penalty.

(d) Security. The obligations of Maker under this Note will be secured by a security interest in the real property and improvements thereon owned by Maker and located at _____ Aurora, Nebraska (the "Premises"), as evidenced by a deed of trust (the "Deed of Trust") dated on even date herewith and recorded with the Register of Deeds in the official records of Hamilton County, Nebraska.

(e) Default by Maker. The occurrence of any of the following events while the Note is outstanding shall constitute a default hereunder (collectively referred to as "Events of Default," and each individually as an "Event of Default").

(i) Failure of Maker to pay when due any payments as provided in this Note.

(ii) Maker's default under the Deed of Trust.

(iii) Any proceeding under the Bankruptcy Code (11 U.S.C. § 101 et seq.) or any law of the United States of America or of any state relating to insolvency, receivership, reorganization, or debt adjustment is instituted by Maker or such proceeding is instituted against Maker and is consented to by Maker or remains undismissed for sixty (60) days; or if there is an Order for Relief entered against Maker or if a trustee or receiver is appointed for any substantial part of the property of Maker or a custodian, as that term is defined under Section 101(11) of the Bankruptcy Code, is appointed to take charge of all or less than all of the property of Maker; or Maker makes an assignment for the benefit of creditors, or becomes insolvent (as defined in the Uniform Commercial Code as adopted in the State of Delaware).

(iv) Failure of Maker to observe and perform any of the terms, covenants, or conditions of this Note.

Notwithstanding any of the terms of this paragraph (e) to the contrary, it shall not be an Event of Default (x) with respect to a monetary default under subparagraph (i) (but not as to any other paragraphs hereunder) unless such monetary default continues for seven (7) business days after written notice of such default is sent by Payee to Maker or (y) with respect to curable non-monetary default(s) under subparagraph (iii) (but not as to any other paragraphs hereunder), unless and until Payee shall send written notice of default to Maker and Maker fails to remedy all such curable non-monetary default(s) within thirty (30) days after the notice of default is sent by Payee.

(f) Non-Recourse. NOTWITHSTANDING ANYTHING HEREIN OR IN ANY OTHER DOCUMENT OR INSTRUMENT TO THE CONTRARY, THE LIABILITY OF MAKER HEREUNDER IS LIMITED SOLELY TO THE EXTENT, BUT ONLY TO THE EXTENT, OF MAKER'S INTEREST IN THE PREMISES. IN THE EVENT OF AN EVENT OF DEFAULT, INCLUDING, WITHOUT LIMITATION, ANY EVENT OF DEFAULT ARISING AS A RESULT OF ANY BREACH OF ANY REPRESENTATION, WARRANTY OR COVENANT MADE BY MAKER HEREUNDER, ANY ACTION TAKEN BY, AND ALL

REMEDIES OF, PAYEE UNDER THIS NOTE SHALL BE LIMITED TO THE PREMISES AND NO ATTACHMENT, EXECUTION OR OTHER ACTION OR PROCESS SHALL BE SOUGHT, ISSUED OR LEVIED UPON ANY ASSETS, PROPERTIES OR FUNDS OF MAKER OTHER THAN THE PREMISES. IN THE EVENT OF ENFORCEMENT BY PAYEE OF PAYEE'S REMEDIES HEREUNDER, NO JUDGMENT FOR ANY DEFICIENCY UPON ANY AMOUNTS DUE HEREUNDER SHALL BE OBTAINED BY PAYEE AGAINST MAKER. THE PROVISIONS OF THIS PARAGRAPH (f) SHALL SURVIVE ANY TERMINATION OF THIS NOTE.

(g) <u>Acceleration.</u> Upon the occurrence of an Event of Default, at the option of Payee, the whole unpaid principal sum of this Note together with all other sums payable under this Note shall become due and payable immediately, and Payee may, forthwith and without demand, exercise or cause to be exercised the rights and remedies as may herein be provided or that may be available to Payee by law, without further stay, any law, usage, or custom to the contrary notwithstanding.

(h) <u>Miscellaneous.</u> Maker and Payee, by acceptance of this Note, further covenant and agree as follows:

(i) Subject to the limitations set forth in paragraph (f) of this Note, all rights and remedies hereby granted or otherwise available to Payee in this Note or available at law or in equity shall be cumulative and concurrent and may be pursued singly, successively, or together, at Payee's sole option, and may be exercised from time to time and as often as occasion therefor shall occur until the indebtedness hereby evidenced, with all interest thereon, is paid in full; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of same by Payee. Payee may resort to any security it holds in such order and manner as Payee sees fit.

(ii) All notices and other communications, whether required or otherwise, made under this Note shall be in writing and shall be deemed to have been given if personally delivered or mailed by registered, certified, or first-class mail, postage prepaid, or sent by overnight delivery or facsimile transmission. Notices delivered personally or by overnight delivery shall be effective upon delivery. Notices properly addressed and delivered by mail, return receipt request, shall be effective upon deposit with the United States Postal Service. Notices sent by facsimile transmission shall be effective upon confirmation of transmission. Any notice by Maker to Payee shall be addressed to Payee at the following address, or to such other address as Payee may specify in writing to Maker:

> Walter L. (Ben) Bentley
> Division Manager
> Kiewit Energy Company
> 10740 N. Gessner Dr. Suite 400
> Houston, TX 77064
> Phone (281) 517-8900
> Fax (281) 517-8906

Any notice by Payee to Maker shall be addressed to Maker at the following address, or to such address as Maker may specify in writing to Payee:

Aventine Renewable Energy – Aurora West, LLC

_____
_____
_____

(iii) The execution and delivery of this Note shall be deemed to be the transaction of business within the State of Nebraska by Maker for the purposes of conferring jurisdiction upon the courts located in the State of Nebraska. This Note shall be construed and interpreted in accordance with the laws of the State of Nebraska. The parties agree that any action or proceeding arising out of or relating to this Note shall be commenced in the state or federal courts located in the State of Nebraska and each party agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served and shall confer personal jurisdiction if served personally or by registered mail to it at its address set forth above or as it may provide in writing from time to time, or as otherwise provided under the laws of the State of Nebraska.

(iv) If any provision of this Note shall be held to be invalid or unenforceable, the validity or enforceability of the remaining provisions of this Note shall not be affected thereby.

(v) The use of the words "Maker" or "Payee" shall be deemed to include the successors and permitted assigns of the respective parties; the use of any gender shall include all genders; and the singular number shall include the plural, or the plural, the singular, as the context may require.

(vi) This Note represents the final agreement between Maker and Payee and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of Maker and Payee. There are no unwritten oral agreements between Maker and Payee.

*{SIGNATURE PAGE FOLLOWS}*

IN WITNESS WHEREOF, Maker has executed this Note as of the daate below.

**WITNESS:**                    **MAKER:**

AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC

_____    By: _____
                                Name:
                                Title:

Attest:                         **PAYEE:**

                                KIEWIT ENERGY COMPANY

_____    By: _____
                                Name: Scott A. Schmidt
                                Title: Vice President, Strategy & Development

Date: _____