## Exhibit F

## Form of Kiewit Deed of Trust

Return to:   Robert G. Dailey, Esq.
3700 First National Tower
1601 Dodge Street
Omaha, NE 68102

## DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST AND ASSIGNMENT OF RENTS ("Deed of Trust"), is made in connection with that certain Debtors' First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated as of January 13, 2010, in Administratively Consolidated Case No. 09-11214 pending in the United States Bankruptcy Court for the District of Delaware and confirmed pursuant to the Confirmation Order (Doc. No. _____) entered in that case on February ___, 2010 (the "Confirmed Plan") on this _____ day of February, 2010, by and among **AVENTINE RENEWABLE ENERGY HOLDINGS, INC.,** a Delaware corporation ("Trustor" also known as "Borrower"), whose mailing address is 120 North Parkway Drive, Pekin, Illinois 61554, **Robert G. Dailey,** a member of the Nebraska State Bar Association ("Trustee"), whose mailing address is 3700 First National Tower, 1601 Dodge Street, Omaha, Nebraska  68102, and **KIEWIT ENERGY COMPANY** ("Beneficiary" also known as "Lender"), whose mailing address is 7906 North Sam Houston Parkway West, Suite 300, Houston, Texas  77064.

FOR VALUABLE CONSIDERATION, Trustor irrevocably transfers, conveys and assigns to Trustee, IN TRUST, **WITH POWER OF SALE,** for the benefit and security of Beneficiary, under and subject to the terms and conditions of this Deed of Trust, the real property, located in the County of Hamilton, State of Nebraska, and described on <u>Exhibit A</u> attached hereto and incorporated herein by reference herein (the "Real Estate").

TOGETHER WITH, all buildings, fixtures and improvements upon the Real Estate, whether now or hereafter existing, all rights-of-way, easements, rents, issues, profits, income, leases, tenements, hereditaments, privileges and appurtenances belonging, used or enjoyed in connection with the Real Estate, or any part thereof (subject, however, to the right, power and authority of Trustor to collect and apply such rents, issues, profits and income as they become due and payable, so long as no default exists hereunder) and all proceeds of conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including without limitation, proceeds of insurance and condemnation awards, all of which collectively is hereunder referred to as the "Trust Estate".

### FOR THE PURPOSE OF SECURING:

(a)    Payment and performance of all obligations owed by Trustor to Beneficiary under that certain promissory note of even date herewith in the original principal amount of $5,251,808.00 (the "Note") with a maturity date of _____, executed by Trustor, which has been delivered and is payable to the order of _____, and which by this reference is made part of this Deed of Trust.  The Note and Deed of Trust are given in exchange and in substitution for that certain valid and enforceable Construction Lien recorded against the Real Estate by Lender on February 10, 2009, located at Book 6, Page 38 of the official records of Hamilton County, Nebraska, (the "Construction Lien") as provided in the Confirmed Plan, a copy of which is recorded herewith.  Beneficiary agrees to record a release of the Construction Lien in exchange for this Deed of Trust after the recording of this Deed of Trust.

(b)    Payment of all sums advanced by Beneficiary to protect the Trust Estate, with interest thereon at the default rate provided in the Note.

This Deed of Trust and the Note are referred to collectively as the "Loan Instruments".

### TO PROTECT THE SECURITY OF THIS DEED OF TRUST:

1.    **PAYMENT OF INDEBTEDNESS.** Trustor shall pay when due the principal of, and the interest on, the indebtedness evidenced by the Loan Instruments, and all other charges, fees and all other sums owing under the Loan Instruments.  All payments received by Beneficiary as to any indebtedness or as to any other debt, liability or obligation owed to Beneficiary by Trustor (other than payments received by Beneficiary from, or otherwise constituting a portion of, the Trust Estate) may be applied by Beneficiary to the payment of the Note or to any such debt, liability or obligations, in any order or manner of application which Beneficiary, in its absolute discretion, deems appropriate.  Unless otherwise elected by Beneficiary, any such payment shall be deemed applied first to the payment of any debt, liability or obligation other than the Note.  All payments received by Beneficiary from, or otherwise constituting a portion of, the Trust Estate shall be applied by Beneficiary solely to the payment of amounts owing under the Note and other Loan Instruments and, if received after payment of all such amounts, shall be delivered to Trustor and not applied to payment of any other indebtedness or obligations owing to Beneficiary.

2.    **TAXES AND ASSESSMENTS.** Trustor shall pay each installment of all taxes and special assessments of every kind, now or hereafter levied against the Trust Estate or any part thereof, before delinquency, without notice or demand, and shall provide Beneficiary with evidence of the payment of same at least ten (10) days prior to such delinquency date.  Trustor shall pay all taxes and assessments which may be levied upon Trustee's or Beneficiary's interest hereon or upon this Deed of Trust (including any mortgage or similar tax) or the debt secured hereby, without regard to any law that may be enacted imposing payment of the whole or any part thereof upon the Beneficiary.

3.    **INSURANCE.** Trustor, at its expense, will maintain with insurers reasonably acceptable to Beneficiary insurance with respect to the improvements and personal property constituting the Trust Estate against loss by fire, lightning, and other perils covered by the standard all risk endorsement, in an amount equal to at least 100% of the full replacement value thereof, with no deduction for depreciation, and shall maintain insurance

against such other hazards and in such amount as is customarily carried by owners and operators of similar properties and as Beneficiary may require for its protection. Trustor will comply with such other requirements as Beneficiary may from time to time reasonably request for the protection by insurance of the interest of the respective parties. All insurance policies maintained pursuant to this Deed of Trust shall name Trustor and Trustee as insureds, as their respective interests may appear, and shall provide that there shall be no cancellation or modification without at least fifteen (15) days prior written notification to Trustee and Beneficiary. Such insurance shall contain a standard mortgagee clause in favor of Beneficiary. In the event any policy hereunder is not renewed on or before fifteen (15) days prior to its expiration date, Trustee or Beneficiary may procure such insurance, pay the premiums therefor, and such sums shall be immediately due and payable with interest at the higher rate of the default rate or base rate as provided in the Note until paid and shall be secured by this Deed of Trust. Trustor shall deliver to Beneficiary a certificate of insurance with respect to each policy of insurance required by this Deed of Trust indicating that such policy is in full force and effect and the premium thereon has been paid in full. Failure of Trustor to furnish such insurance, or renewals as are required hereunder, or failure to timely repay any sums advanced hereunder shall, at the option of Beneficiary, constitute a default. All unearned premiums are hereby assigned to Trustee as additional security and a sale and conveyance of the Trust Estate by the Trustee shall operate to convey to the purchaser the Trustor's interest in and to all policies of insurance upon the Trust Estate.

4. **DESTRUCTION.** In case of any damage to or destruction or taking or condemnation of the Trust Estate, including the buildings, equipment, improvements or personal property constituting part of the Trust Estate, whether such loss is covered by insurance, condemnation proceeds, or otherwise, Trustor shall have the right to apply any insurance proceeds or other recovery related to said loss to promptly restore, repair, replace and rebuild the Trust Estate as nearly as practicable to its condition immediately prior to such damage or destruction or with such changes and alterations as Trustor and Beneficiary mutually agree upon, provided such changes and alterations do not diminish in any way the value and utility of such buildings, improvements and personality from that existing immediately prior to such damage or destruction. Any proceeds not so applied shall be applied to a reduction in the indebtedness hereby secured,. Trustor shall be entitled to reimbursement from the Trustee to the extent of the net insurance proceeds received by Trustee, not exceeding however, the actual sum expended by Trustor under this provision.

5. **MAINTENANCE.** Trustor will not commit any waste upon the Trust Estate and will, at all times, maintain the same in good order and condition and will make, from time to time, all repairs, renewals, replacements, additions and improvements which are necessary to such end. No building or improvement now or hereafter erected upon the Real Estate shall be altered, moved or demolished without the prior written consent of Beneficiary which consent shall not be unreasonably withheld, conditioned or delayed. Notwithstanding the foregoing, Trustor shall have no affirmative obligation to complete the construction of the improvements that are part of the Trust Estate.

6. **ACTIONS AFFECTING TRUST ESTATE.** Trustor shall appear in and contest any action or proceeding purporting to or which may in fact adversely affect title to the Trust Estate or the security or priority hereof as required by the Confirmed Plan or the rights or powers of Beneficiary or Trustee. Should Trustor fail to make any payment or to do any act as and in the manner provided in any of the Loan Instruments, Beneficiary and/or Trustee, each at its own discretion, without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Trustor further agrees that should it fail to take such actions it will pay all costs and expenses, including reasonable attorney fees, court costs, survey and title report costs incurred by Beneficiary or Trustor to appear in and contest any such adverse action within five (5) days of demand and that all such sums shall be deemed secured under this Deed of Trust.

Trustor shall pay and promptly discharge, at Trustor's cost and expense, all prior liens, encumbrances and charges imposed upon the Trust Estate, or any part thereof or interest therein. Beneficiary hereby consents to that certain second lien deed of trust encumbering the Trust Estate for the benefit of _____, as trustee and collateral agent (the "Approved Second Lien"). In the event Trustor fails to discharge or pay promptly such liens, encumbrances or charges, such failure shall be considered an Event of Default and Beneficiary shall be entitled to all the remedies provided under this Deed of Trust or available at law or equity. If Trustor shall fail to discharge any such lien, encumbrance or charge, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such lien by depositing in court a bond in the amount claimed or otherwise giving security for such claim, or in such manner as is or may be prescribed by law. Any such payment shall accrue interest at the higher of the default rate or base rate as provided in the Note and shall be payable, together with accrued interest, immediately upon written demand.

The Trustor will promptly comply with all present and future laws, ordinances, rules and regulations of any governmental authority affecting the Trust Estate or any part thereof. This shall apply to any construction upon the Trust Estate as well as the operation of any business upon the Trust Estate.

7. **FURTHER ASSURANCES.** Trustor, at its expense, will execute and deliver to the Beneficiary, promptly upon demand, such security instruments as may be required by Beneficiary, in form and substance satisfactory to Beneficiary, covering any of the Trust Estate covered by this Deed of Trust, which security instruments shall be additional security for Trustor's faithful performance of all of the terms, covenants and conditions of this Deed of Trust, the Note secured hereby, and any other security instruments executed in connection with this transaction including without limitation the Confirmed Plan and the Confirmation Order. Such instruments may be recorded or filed, and rerecorded and refiled, at Trustor's expense.

8. **EMINENT DOMAIN.** Should the Trust Estate, or any part thereof or interest therein, be taken or damaged by reason of any taking by right of eminent domain, condemnation proceeding ("Condemnation"), or in any other manner including deed in lieu of Condemnation, or should Trustor receive any notice or other information regarding such proceeding, Trustor shall give prompt written notice thereof to Beneficiary. Beneficiary shall be entitled to all compensation, awards and other payments or relief thereof, and shall be entitled at its option to commence, appear in and prosecute in its own name any such action or proceeding. Beneficiary shall also be entitled to make any compromise or settlement in connection with such taking or damage. All such compensation, awards, damages, rights or action and proceeds awarded to Trustor (the "Proceeds") are hereby assigned to Beneficiary, but only to the extent of Trustor's remaining indebtedness to Beneficiary, and Trustor agrees to execute such further assignments of the Proceeds as Beneficiary or Trustee may require. The Proceeds shall, at the option of the Beneficiary, be applied against the costs of restoring the Trust Estate or against the unpaid principal balance of the Note in the inverse order of maturity without any reduction in the amount of periodic principal and interest payments otherwise due under the Note.

9. **REPRESENTATIONS.** Trustor covenants and warrants with Beneficiary, its successors and assigns, that Trustor owns the Trust Estate free from any prior lien or encumbrance (except as expressly designated in the Confirmed Plan, if any), that this Deed of Trust is and will remain a valid and enforceable lien on the Trust Estate with the priority granted under the Confirmed Plan, that Trustor will preserve such title and priority, and will forever warrant and defend the same to the Beneficiary and will forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and claimants whomsoever. The foregoing warranties shall survive the exercise of the power of sale as herein conferred, as well as the foreclosure of the Deed of Trust, and shall run with the land. Trustor will make such further assurance or assurances to perfect its title to the Trust Estate as may be reasonably required by Beneficiary. Trustor hereby relinquishes all right of dower and homestead in and to the Trust Estate.

10.    **TRUSTEE'S DUTIES.**  Trustor acknowledges that: (a) the duties and obligations of Trustee shall be determined solely by the express provisions of this Deed of Trust and Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be imposed upon Trustee; (b) no provision of this Deed of Trust shall require Trustee to expend or risk its own funds, or otherwise incur any financial obligation in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers, if it shall have grounds for believing that the repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to it; (c) Trustee may consult with counsel of its own choosing and the advice of such counsel shall be full and complete authorization and protection in the respect of any action taken or suffered by it hereunder in good faith and in reliance thereon; and (d) Trustee shall not be liable for any action taken by it in good faith and reasonably believed by it to be authorized or within the discretion or rights of powers conferred upon it by this Deed of Trust.

11.    **APPOINTMENT OF SUCCESSOR TRUSTEE.**  Beneficiary may, from time to time, by written instrument executed and acknowledged by Beneficiary, mailed to Trustor and recorded in the County in which the Trust Estate is located, and by otherwise complying with the provisions of the applicable law of the State of Nebraska, substitute a successor or successors to the Trustee named herein or acting hereunder.

12.    **SUCCESSORS AND ASSIGNS.**  This Deed of Trust applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, personal representatives, successors and assigns.  The term "Beneficiary" shall mean the owner and holder of the Note, whether or not specifically named as Beneficiary herein.

13.    **INSPECTIONS.**  Beneficiary, or its agents, representatives or workmen are authorized to enter at any reasonable time upon or in any part of the Trust Estate for the purpose of inspecting the same and for the purpose of performing any of the acts it is authorized to perform under the terms of the Loan Instruments.

14.    **EVENTS OF DEFAULT.**  Any of the following events shall be deemed an Event of Default under this Deed of Trust:

(a)    Trustor shall have failed to make payment of any installment of interest, principal, or principal and interest or any other sum secured by this Deed of Trust or required to be paid under the terms hereof when due within five (5) days after receipt of written notice from Beneficiary of such failure;

(b)    There has occurred a breach of or default under any term, covenant, agreement, condition, provision, representation or warranty contained in any of the Loan Instruments which has not been cured by Trustor after notice and expiration of the applicable cure period, provided that if there is no notice requirement or cure period under the applicable Loan Instrument, there shall be no Event of Default hereunder unless Trustor fails to cure such breach or default within thirty (30) days after receipt of written notice thereof, and provided further, that if such breach or default is of a kind that cannot reasonably be cured within a thirty (30) day period, such thirty (30) day period shall be extended so long as Trustor is diligently pursuing the cure of such breach or default;

(c)    Trustor shall have sold, transferred, conveyed, assigned or, except as permitted under the Confirmed Plan, encumbered the Trust Estate or any part thereof or any interest therein, whether outright, by deed, land contract, lease with purchase option, mortgage, judgment, or otherwise, without the prior written consent of Beneficiary; or

(d)    The warranty of title as made herein, or any other representation or warranty made by the Trustor in any financial statements or reports submitted to Beneficiary shall be breached, false or materially misleading.

15.    **ACCELERATION UPON DEFAULT, ADDITIONAL REMEDIES.**  Should an Event of Default occur, Beneficiary may declare all indebtedness secured hereby to be immediately due and payable and the same shall thereupon become due and payable without any presentment, demand, protest or notice of any kind.  Thereafter Beneficiary may:

(a)    Either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a Court and without regard to the adequacy of its security, enter upon and take possession of the Trust Estate, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Trust Estate, or any part thereof or interest therein, increase the income therefrom or protect the security hereof and with or without taking possession of the Trust Estate, sue for or otherwise collect the rents, issues and profits thereof, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including attorney's fees, upon any indebtedness secured hereby, all in such order as Beneficiary may determine.  The entering upon and taking possession of the Trust Estate, the collection of such rents, issues and profits and the application thereof as described above, shall not cure or waive any default or notice of default hereunder or invalidate any act done in response to such default or pursuant to such notice of default and, notwithstanding the continuance in possession of the Trust Estate or the collection, receipt and application of rents, issues or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the Loan Instruments or by law upon occurrence of any Event of Default, including the right to exercise the Power of Sale;

(b)    Commence an action to foreclose this Deed of Trust as a mortgage, to seek deficiency on the indebtedness after the foreclosure without any limitation otherwise applicable under the Nebraska Trust Deeds Act, to appoint a receiver, and to otherwise specifically enforce any of the covenants or provisions hereof;

(c)    Deliver to Trustee a written declaration of default and demand for sale, and a written notice of default and election to cause Trustor's interest in the Trust Estate to be sold under the Power of Sale contained herein, which notice Trustee shall cause to be duly filed for record in the appropriate Official Records of the County in which the Trust Estate is located, all to the extent required by applicable law;

(d)    Pay such sums as it deems necessary to protect the Trust Estate and cure any default of the Trustor; and

(e)    Exercise all rights and remedies available to it at law, in equity or under the Nebraska Trust Deeds Act.

16.    **FORECLOSURE BY POWER OF SALE.**  Should Beneficiary elect to foreclose by exercise of the Power of Sale herein contained, Beneficiary shall notify Trustee and shall deposit with Trustee this Deed of Trust and the Note and such receipts or other evidence of expenditures made and secured hereby as Trustee may require.

(a) Upon receipt of such notice from Beneficiary, Trustee shall cause to be recorded, published and delivered to Trustor such Notice of Default and Notice of Sale as then required by law and by this Deed of Trust. Trustee shall, without demand on Trustor, after such time as may then be required by law and after recordation of such Notice of Default and after Notice of Sale having been given as required by law, sell the Trust Estate at the time and place of sale fixed by it in such Notice of Sale, either as a whole, or in separate lots, parcels or items as Trustee shall deem expedient, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, or certified check, payable at the time of sale. Trustee shall deliver to such purchaser or purchasers thereof its good and sufficient trustee's deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including, without limitation, Trustor, Trustee or Beneficiary, may purchase at such sale. Trustor hereby covenants to forever warrant and defend the title of such purchaser or purchasers of any of the Trust Estate so conveyed as if Trustor had conveyed the same to such purchaser(s) by general warranty deed.

(b) As may be permitted by law, after deducting all costs, fees and expenses of Trustee and of this Trust incurred in connection with any such default or sale or foreclosure or all of them, including attorney's fees and costs of evidence of title in connection with the sale, and a Trustee's fee, Trustee shall apply the proceeds of sale to payment of (i) all sums expended under the terms hereof, not then repaid, with accrued interest at the default rate provided in the Note, (ii) all other sums then secured hereby, and (iii) the remainder, if any, to the person or persons legally entitled thereto. The Trustee's fee shall equal .50% of the outstanding principal balance of the Note, plus reasonable attorney's fees incurred by the Trustee in connection with performing its duties under this Deed of Trust.

(c) Trustee may in the manner provided by law postpone sale of all or any portion of the Trust Estate.

17. **REMEDIES EXCLUSIVE.** The Note is a non-recourse note. Trustee and Beneficiary, and each of them, shall be entitled to enforce payment and performance of any indebtedness or obligations secured hereby and to exercise all rights and powers under this Deed of Trust or under any Loan Instrument or other agreement or any laws now or hereafter in force, notwithstanding some or all of such indebtedness and obligations secured hereby may now or hereafter be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. The remedies of Trustee and Beneficiary set forth hereunder and in the Note shall be Trustee's and the Beneficiary's exclusive remedies upon the occurrence of any Even of Default. Subject to the express terms of the Note, no remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every power or remedy given by any of the Loan Instruments to Trustee or Beneficiary are independent and either of them may pursue inconsistent remedies.

18. **TRANSFER OF THE PROPERTY; ASSUMPTION.** If all or any part of the Trust Estate or interest therein is sold, transferred, leased or otherwise conveyed by Trustor, including any transfer by operation of law, without Beneficiary's prior written consent, excluding:

(a) The grant of the Approved Second Lien;

such action gives rise to a right of acceleration under this Deed of Trust or the Loan Instruments and Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust to be immediately due and payable, or cause the Trustee to file a notice of default if all such sums are not paid within thirty (30) days of notice of acceleration. Beneficiary shall have waived such option to accelerate if, prior to the sale, transfer or conveyance, Beneficiary and the person to whom the property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Beneficiary and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Beneficiary shall request. This provision shall not be construed as imposing on Beneficiary an obligation or duty to reach such an agreement or to give consent to a sale, transfer or other conveyance, and Beneficiary shall have the right to withhold approval for any reason.

19. **REQUEST FOR NOTICE.** Trustor hereby requests a copy of any notice of default or notice of sale hereunder be mailed to it at the address set forth in the first paragraph of this Deed of Trust.

20. **GOVERNING LAW AND NON-WAIVER.** This Deed of Trust shall be governed by the laws of the State of Nebraska. In the event that any provision or clause of any of the Loan Instruments conflicts with applicable laws, such conflicts shall not affect other provisions of such Loan Instruments which can be given effect without the conflicting provision, and to this end the provisions of the Loan Instruments are declared to be severable. This instrument can be waived, changed, discharged or terminated only by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

The acceptance by Beneficiary of any sum after the same is due shall not constitute a waiver of the right either to request prompt payment, when due, of all other sums hereby secured or to declare a default as herein provided. The acceptance by Beneficiary of any sum in an amount less than the sum then due shall be deemed an acceptance on account only and upon condition that it shall not constitute a waiver of the obligation of Trustor to timely pay the entire sum then due, and Trustor's failure to pay the entire sum then due shall be and continue to be a default notwithstanding such acceptance of such amount on account, as aforesaid, and Beneficiary or Trustee shall be at all times thereafter and until the entire sum then due shall have been paid, and notwithstanding the acceptance by Beneficiary thereafter of further sums on account, or otherwise, entitled to exercise all rights in this instrument conferred upon them, or either of them, upon the occurrence of a default, and the right to proceed with a sale under any notice of default and notice of sale shall in no way be impaired, whether any of such amounts are received prior or subsequent to such notice. Consent by Beneficiary to any transaction or action of Trustor which is subject to consent or approval of Beneficiary hereunder shall not be deemed a waiver of the right to require such consent or approval to future or successive transactions or actions.

21. **RECONVEYANCE BY TRUSTEE.** Upon satisfaction of all of Trustor's obligations under the Loan Instruments, and upon written request of Trustor to Beneficiary stating that all sums secured hereby have been paid, Beneficiary shall surrender this Deed of Trust and the Note to Trustee for cancellation, and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and upon payment by Trustor of Trustee's fees, Trustee shall reconvey to Trustor, or the person or persons legally entitled thereto, without warranty, any portion of the Trust Estate then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in any reconveyance may be described as "the person or persons legally entitled thereto."

22. **NOTICES.** Whenever Beneficiary, Trustor or Trustee shall desire to give or serve any notice, demand, request or other communication with respect to this Deed of Trust, each such notice, demand, request or other communication shall be in writing and shall be effective only if the same is

delivered by personal service or mailed by certified mail, postage prepaid, addressed to the address set forth at the beginning of this Deed of Trust or at such other address as a party may designate for itself by notice to the other parties hereto given in like manner.

If Trustor consists of more than one person, one notice sent to all Trustors at the address designated for them in this Deed of Trust shall be deemed to be good and sufficient notice given to all Trustors, regardless of whether any of them subsequently asserts or proves that it did not actually receive such notice.

23.     **NON-RECOURSE.**  If an Event of Default has occurred and is continuing, Beneficiary shall have all rights reserved in the Note, this Deed of Trust and shall have full recourse to only the Trust Estate to enforce any judgment obtained by Beneficiary in any proceeding to enforce its rights under the Note or the other Loan Instruments.  Notwithstanding the foregoing, Trustee shall not in any way be prohibited from naming Trustor or any of its successors or assigns or any person holding under or through them as parties to any actions, suits or other proceedings initiated by the Trustee to enforce such rights or to foreclose its lien under this Deed of Trust.

EXECUTED and dated as of the year and day first written above.

**AVENTINE RENEWABLE ENERGY HOLDINGS, INC.**

By:_____
Title:  President


STATE OF _____)
                                                      ) ss.
COUNTY OF _____)

The foregoing Deed of Trust was acknowledged before me on February _____, 2010, by _____, President of **AVENTINE RENEWABLE ENERGY HOLDINGS, INC.** a Delaware corporation, on behalf of said corporation.

_____
Notary Public

My Commission Expires:

_____

**Exhibit A**

Legal Description

Lots 5 and 6, Aurora West Subdivision Replat, Aurora, Hamilton County, Nebraska