IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVENTINE RENEWABLE ENERGY | ) | Case No. 09-11214 (KG) |
| HOLDINGS, INC., a Delaware Corporation, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | Regarding Docket No. 679 |
| _____ | ) | |

Objection Deadline: Feb. 17, 2010 @ 4:00 p.m.
Hearing Date: Feb. 24, 2010 @ 3:00 p.m.

**LIMITED OBJECTION OF GLACIAL LAKES ENERGY, LLC,
ABERDEEN ENERGY, LLC AND REDFIELD ENERGY, LLC TO DEBTORS' FIRST
AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE DATED AS OF JANUARY 13, 2010**

Glacial Lakes Energy, LLC ("Glacial"),[1] Aberdeen Energy, LLC ("Aberdeen") and Redfield Energy, LLC ("Redfield" and, collectively with Glacial and Aberdeen, referred to herein as the "Objecting Parties"),[2] by and through their undersigned attorneys, hereby, jointly and severally, submit this Limited Objection to the *Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated As of January 13, 2010* (the "Plan") (Docket No. 679). In support hereof the Objecting Parties respectfully state as follows:

**INTRODUCTION**

1. On April 7, 2009 (the "Petition Date"), Aventine Renewable Energy Holdings, Inc. and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about January 13, 2010, the Debtors filed the Plan and Disclosure Statement with the Court and are currently soliciting acceptances of a plan of reorganization that

---
[1] Capitalized terms that are not defined in this Objection shall have the meaning ascribed to the terms in the Plan.

impermissibly alters the entitlements of holders of valid rights and/or defenses of setoff and recoupment. Indeed, as more fully set forth in this Objection, the Plan contains a number of provisions that inappropriately attempt to release, discharge, limit and/or modify the rights and defenses of third parties holding rights and defenses of setoff and recoupment.

3. Prior to the Petition Date, each of Glacial Lakes Energy, LLC, Aberdeen Energy, LLC, and Redfield Energy, LLC entered into a Termination Agreement with Aventine Renewable Energy, Inc. ("ARE") (each a "Termination Agreement" and, collectively, the "Termination Agreements"). Pursuant to the terms of the Termination Agreements, the parties agreed to terminate certain obligations under various preexisting ethanol marketing agreements (the "Ethanol Marketing Agreements") and assumed certain enumerated obligations that refined their remaining responsibilities in connection with the Ethanol Marketing Agreements. The Termination Agreements, which have not been assumed or rejected as of the date hereof, allocated certain financial and other obligations between the parties to those agreements, some of which remained unsatisfied as of the Petition Date. The Debtors have scheduled certain amounts as due and owing to the Objecting Parties under the Termination Agreements as of the Petition Date on their bankruptcy schedules. The Objecting Parties are the beneficiaries of valid setoff and/or recoupment rights and defenses under applicable law that cannot be extinguished or released by the Plan over the objection of the Objecting Parties. To the extent that the Debtors, either now or in the future, assert that any or all of the Objecting Parties have continuing financial obligations to the Debtors under the Termination Agreements or assert any claim or Cause of Action against the Objecting Parties, the Objecting Parties appropriately intend to assert rights and defenses of setoff and/or recoupment. *See Super Stop Petrol, Inc. v. Clark Retail*

---

[2] The addresses for the Objecting Parties are as follows: Glacial Lakes Energy, LLC, P.O. Box 933, Watertown, South Dakota, 57201; Aberdeen Energy, LLC, 13435 370th Avenue, Mina, South Dakota 57451; Redfield Energy,

*Enters., Inc. (In re Clark Retail Enters., Inc.)*, 308 B.R. 869, 896 (Bankr. N.D. Ill. 2004)(citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965))("Raising setoff as a defense is consistent with the rules of federal procedure."); *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 146 (2d Cir. 2002) (opining that the doctrine of recoupment is appropriately raised as a defense since its purpose is to do justice by giving effect to the transaction as a whole).

## OBJECTIONS

4.   Under the Plan, the Debtors have broadly and specifically preserved for the benefit of the Reorganized Debtors all Claims and Causes of Action (including unspecified Causes of Action), Litigation Rights and all rights of setoff as well as other legal or equitable defenses held by the Debtors as of the Petition Date as if the Chapter 11 Cases had not been commenced.  *See* Plan Art. VII, § F, Preservation of Causes of Action, at p.44 (the "Claim Preservation Provisions").  The Plan confers upon the Debtors authority under § 553 of the Bankruptcy Code to setoff any claims that the Debtors may have against the holder of any Claim against any payments or Distributions contemplated under the Plan. *Id.* Art. VI, § E.2, Setoff, at pp.38-39 (the "Setoff Provisions").  Conversely, the proposed Plan engineers a markedly different and inequitable result for creditors that possess rights and defenses of setoff and/or recoupment.  The Plan purports to operate as a complete satisfaction, discharge and release of "all debts of, Claims against, and Liens on the Debtors, their respective assets and properties . . . arising regardless of whether a proof of Claim with respect thereto was filed," and enjoin parties from asserting against the Reorganized Debtors or any of their respective assets or property any "Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order." *Id.* § D, Discharge of the Debtors, at pp.43-44 (emphasis added) (the "Discharge Provisions").  Further, the Plan

---

LLC, P.O. Box 111, Redfield, South Dakota 57469.

Doc# 3171919\1

specifically enjoins parties from "asserting any right of setoff . . . of any kind against the property or interests in property of the Debtors on account of any such Claim." *Id.* § E, Injunction, at p.44 (the "Injunction Provisions").[3] The Plan therefore contains a number of provisions that inappropriately attempt to release, discharge, limit and/or modify the rights and defenses of third parties holding rights and defenses of setoff and recoupment.

5.   While the Plan purports to limit the breadth of some of these provisions to a degree with vague, qualifying language that, for example, reads as follows: "Except as otherwise expressly specified in the Plan," the limited language that is present in the document fails to conform to the requirements of the Bankruptcy Code or principles of fundamental fairness. Indeed, the Plan appears to only contain two provisions (each of which are objectionable) that purport to preserve a party's rights and defenses to a presently unspecified claim or Cause of Action that may ultimately be asserted by the Reorganized Debtors.

6.   The proposed Plan currently provides in pertinent part that:

> The releases by non-debtors and injunction provided in the Plan shall not be deemed a waiver or relinquishment of any equitable or legal defense that an entity held against the Debtors immediately prior to the Petition Date, with respect to any Cause of Action commenced by the Debtors prior to the Effective Date or the Reorganized Debtors after the Effective Date, as the case may be, against such entity; *provided*, that the releases and injunction provided in the Plan shall be deemed a waiver or relinquishment of any right of setoff or recoupment or any other monetary claim to the extent such right or claim was not properly preserved through the timely filing of a proof of claim.

*See* Plan, Art. VII, § L, Preservation of Certain Defenses, at pp.46-47 (the "Preservation Provisions"). This provision of the Plan should be materially changed in a number of respects. First, the language is unclear and too narrow. In the absence of a clear preservation provision, it

---

[3] The Plan contains additional releases by non-Debtors and injunctions (including those that purport to preclude "any act to collect, offset, or recover any Claim against any of the Released Parties") that become operative when a party votes to "accept" the Plan by casting a Ballot. *See* Plan Art. VII, § J, Releases by Non-Debtors, at pp.45-46;

could be argued that a party would be forced to pay in full the amount owed to a debtor but might be limited to no more than a pro rata recovery of its claims against the debtor. The Plan should clearly and unambiguously provide that any and all equitable and legal defenses of any kind whatsoever, including specifically any right of setoff or recoupment, that the Objecting Parties may have to any claim or Cause of Action asserted or that may be asserted against them by the Reorganized Debtors will be preserved notwithstanding any other provision of the Plan. Second, the proviso that follows in the section purports to operate as a "waiver" and "relinquishment" of recoupment, setoff and other monetary *defenses* that may otherwise be valid in the case where it is the Reorganized Debtors that may be affirmatively asserting claims and Causes of Action (which, notably, do not appear to be currently specified). The proviso set forth in the Preservation Provision should be stricken. At a minimum, the provisions should be materially modified to preserve the rights of parties that have specifically objected to the Plan to assert available defensive claims (rather than affirmative relief) in connection with any claim asserted or any proceedings commenced by the Reorganized Debtors. Finally, the proviso to the Preservation Provision that conditions entitlement to the preservation of rights in the paragraph on whether or not a proof of claim was filed is inappropriate and should be stricken, particularly where the Debtors have scheduled a claim and it is otherwise allowed under the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 3003.

7. The Plan further provides that:

> In no event shall any holder of Claims or Interests be entitled to setoff any Claim or Interest against any Claim, right or cause of action of the Reorganized Debtors, unless such holder has filed a motion with the Bankruptcy Court requesting authority to perform such setoff on or before the Effective Date.

---

Plan, Art. VII, § K.2, Injunction, at 46. For purposes of clarity and avoidance of doubt, the Objecting Parties will not be bound by and have not consented to any such releases or injunctions.

*See* Plan, Art. VI, § E.2, <u>Setoff</u>, at pp. 38-39 (the "Motion Provision"). This provision appears inconsistent with the Preservation Provision in which the Plan purports to preserve defensive rights of setoff where the Reorganized Debtors assert a claim or Cause of Action. The filing of a motion prior to the Effective Date would appear unnecessary in that context and the language should be amended to address that context. In any event, given the indeterminate nature of the Effective Date (due to various conditions precedent), parties are not adequately advised of the time frame within which to file any such a motion. The Motion Provision should be amended to provide that any such motion should be filed at the later to occur: (a) the Effective Date; or (b) 60 days from the date the Court enters an order confirming any Plan.

8.  The Claim Preservation Provisions, the Setoff Provisions, the Discharge Provisions, the Injunction Provisions, the Preservation Provisions and other provisions of the Plan highlighted above impermissibly extinguish, limit or fail to adequately preserve a creditor's rights and defenses of setoff and/or recoupment. The Plan, as currently proposed, therefore fails to comply with applicable provisions of Title 11. Section 1129(a)(1) permits confirmation of a plan only if the "plan complies with the applicable provisions of" Title 11. 11 U.S.C. § 1129(a)(1). In other words, confirmation is not appropriate where, as here, provisions of a plan are inconsistent with provisions of the Bankruptcy Code.

9.  Section 553 specifically preserves a creditor's right of setoff in bankruptcy, a right, like recoupment, that is favored in the law. *In re Medina*, 205 B.R. 216, 223 (9th Cir. B.A.P. 1996). Indeed, the statute specifically provides that, except as otherwise provided in §§ 362, 363 and 553, the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a). The plain language of the statute therefore makes it clear that a creditor's right of setoff can not in any way be affected by a plan or the confirmation process

(including the discharge provisions of § 1141) over the objections of parties in interest (i.e. the Objecting Parties) that assert and insist upon the preservation of such rights prior to confirmation. *Id. See Citizens Bank v. Strumpf*, 516 U.S. 16, 20 (1995) (finding that "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code"). *Accord United States v. Continental Airlines (In re Continental Airlines)*, 134 F.3d 536 (3d Cir. 1998). Moreover, the Bankruptcy Code treats a creditor's right of setoff in bankruptcy as a secured claim and entitled to adequate protection. *See* 11 U.S.C. §§ 361, 363 & 506. *See also* H.R. Rep. No. 595, 95th Cong., 1st Sess. 185-86 (1977). Similarly, a creditor's right of recoupment under applicable law must be preserved in order to recognize that it is only the net balance of conflicting claims which is the real and just sum owing by or to the debtor. *See, e.g., MegaFoods Stores, Inc. v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.)*, 60 F.3d 1031 (3d Cir. 1995) (ruling that a claim subject to recoupment "avoids the usual bankruptcy channels" and is permitted even in situations where the Bankruptcy Code does not permit the application of the related doctrine of setoff).

## **RESERVATION OF RIGHTS**

The Objecting Parties have appeared in this matter in order to protect their rights and in response to language and provisions in the Plan that impermissibly attempt to impair valid rights and defenses. The Objecting Parties hereby give notice that any and all rights and defenses of setoff and recoupment held by the Objecting Parties are expressly reserved. Neither this Objection nor any subsequent appearance, pleading, claim or suit is intended to waive (i) the right of the Objecting Parties to have final orders in non-core matters entered only after de novo review by a district judge, (ii) the right of the Objecting Parties to trial by jury in any proceeding so triable herein or in any case, controversy or proceeding related hereto, (iii) the right of the

Objecting Parties to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal, (iv) any other rights, defenses, set-offs and/or recoupments to which the Objecting Parties are or may be entitled under agreements (including under the Termination Agreements), in law or in equity, all of which rights, defenses, set-offs and/or recoupments the Objecting Parties expressly reserve, and (v) and the rights available to a counterparty to an executory contract under 11 U.S.C. § 365.

[Remainder of page intentionally left blank]

## **CONCLUSION**

WHEREFORE, the Objecting Parties, jointly and severally, respectfully request the entry of an order (1) denying confirmation of the Plan or, in the alternative, sustaining the Objection and requiring the Debtors to modify the language of the Plan to fully and adequately preserve the Objecting Parties' setoff and/or recoupment rights under applicable law, particularly in defense to any claim or Cause of Action that may be asserted by the Reorganized Debtors; and (2) granting such other and further relief as is just and appropriate.

Dated: February 17, 2010 **DORSEY & WHITNEY (DELAWARE) LP**

/s/ Robert W. Mallard
Eric Lopez Schnabel
Robert W. Mallard
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7162
Facsimile: (646) 514-9843
E-mail: schnabel.eric@dorsey.com
E-mail: mallard.robert@dorsey.com

-and-

**LINDQUIST & VENNUM PLLP**
George H. Singer
Jeffrey D. Smith
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 371-3211
Facsimile: (612) 371-3207
gsinger@lindquist.com
jsmith@lindquist.com

**ATTORNEYS FOR
GLACIAL LAKES ENERGY, LLC,
ABERDEEN ENERGY, LLC &
REDFIELD ENERGY, LLC**