contemplated by the Exit Financing and the Senior Secured Indenture, including, without

limitation, the making of such filings, or the recording of any security interests, as may be

required by such Exit Financing and the Senior Secured Indenture. Each of the ABL Credit

Facility Documents and the Senior Secured Notes Documents, once executed, shall constitute a

legal, valid binding and authorized obligation of the respective parties thereto, enforceable in

accordance with its terms (except as enforceability may be limited by any bankruptcy or

insolvency proceeding filed by any party thereto subsequent to the date of the execution of such

document). Without in any way limiting the foregoing and subject to the terms and conditions of

the Stipulation, other than any and all liens held by the holders of Prepetition Secured Credit

Facility Claims with respect to the LC Collateral Account and any funds deposited therein and

the Prepetition Lender Claim Escrow and any funds deposited therein, any and all liens held by

the holders of Prepetition Secured Credit Facility Claims on the Debtors' or Reorganized

Debtors' assets shall be released upon the occurrence of the Effective Date simultaneously with

the payment on the Effective Date of the Allowed Prepetition Secured Credit Facility as and to

the extent and in the respective amounts provided in the Plan and the Stipulation by and between

the Debtors and the Prepetition Agent Allowing the Claims of, and Granting Limited Releases to,

the Prepetition Agent and Prepetition Lenders (the "Stipulation"), a copy of which was filed with

the Court on February 24, 2010 [Docket No. 810], and (except as expressly provided in the Plan

or any document entered into in connection with the transactions described in the Plan and this

Confirmation Order) any and all liens held by any other persons or the Debtors or the

Reorganized Debtors assets shall be released on the Effective Date; and simultaneously with

such releases, new liens shall be instituted and granted by the Debtors or Reorganized Debtors

for the ratable benefit of the holders of the Senior Secured Notes and the lenders under the ABL

Credit Facility on the respective assets to be collateral therefor in accordance with the Plan and

21

in the event that any person or entity that has filed financing statements, mortgages, *lis pendens*, or other documents or agreements evidencing interests, claims or liens with respect to the Debtors or their assets (other than with respect to the Exit Financing) shall not have delivered to the Debtors on or before the Effective Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens, claims or interests that such Holder may have with respect to the Debtors or their assets or otherwise, then each of the Debtors, the Reorganized Debtors, any lender or noteholder under any of the Exit Financing or the trustee or collateral agent under the Senior Secured Indenture, severally, hereby is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Reorganized Debtors' assets; provided, that nothing set forth in this Order shall affect the rights and liens granted to the holders of Prepetition Secured Facility Claims in the LC Collateral Account and any funds deposited therein and in the Prepetition Lender Claim Escrow and any funds deposited therein, pursuant to the Stipulation and Article IV(B)(1) of the Plan; provided, further, that nothing set forth in this Order shall affect the deed of trust granted to secure the Kiewit Note.

39.     Authorization in Connection with the Senior Secured Note Offering. Without limitation on the general authorizations provided for in this Confirmation Order, the Plan, the DS and Solicitation Procedures Order and the Backstop Approval Order, the Debtors, the Reorganized Debtors and the Backstop Purchasers are authorized to take all actions necessary or desirable in furtherance of the Senior Secured Notes Offering, including, without limitation, the issuance of the Senior Secured Notes and the Noteholder New Equity as contemplated by the Plan, the execution and delivery of any Senior Secured Notes Document and the making of such filings or the recording of such Senior Secured Notes Documents as may be required, necessary or desirable. Subject to the occurrence of the Effective Date, the retention

of Wilmington Trust FSB, as Trustee and Collateral Agent ("Wilmington Trust") under the Senior Secured Indenture, is hereby approved, and the reasonable fees and expenses of Wilmington Trust are approved, as and to the extent provided for in the Senior Secured Indenture and that certain fee schedule dated February 2, 2010 from Wilmington Trust to the Debtors, as such may be amended.

40.     The Senior Secured Notes Offering is hereby modified and supplemented through the requirements set forth in the Supplemental Notice. If a party does not submit a completed Supplemental Response (as defined in the Supplemental Notice) by the Supplemental Deadline (as defined in the Supplemental Notice), such party's previously delivered Subscription Form shall be deemed void and such party shall not be entitled to participate in the Senior Secured Notes Offering. As provided for in the Senior Secured Notes Offering Procedures, the Debtors, subject to the consent of the Backstop Purchasers, reserve the right, but will not be obligated, at any time and from time to time, to extend the Senior Secured Notes Offering and to amend the offer and the Senior Secured Notes Offering Procedures. As provided for in the Senior Secured Notes Offering Procedures, the Debtors, subject to the consent of the Backstop Purchasers, will provide participants notice of any extension, waiver, material amendment or termination of the Senior Secured Notes Offering; provided, however, that, notwithstanding the foregoing ability of the Debtors to amend the Senior Secured Notes Offering Procedures with the consent of the Backstop Purchasers, the trustee under the Secured Indenture shall be required to issue Senior Secured Notes only to those parties identified by the Debtors or the Reorganized Debtors on or prior to the Effective Date and pursuant to an Authentication Order as defined in Section 2.02 of the Senior Secured Indenture.

41.     Securities to be Issued Pursuant to the Plan. On the Effective Date, Reorganized ARE Holdings shall issue the New ARE Holdings Common Stock (including,

without limitation, the Noteholder New Equity in connection with the Senior Secured Notes Offering) and the Warrants pursuant to the terms of the Plan, and each Reorganized Subsidiary shall issue and distribute the New Subsidiary Equity Interests. Pursuant to section 1142(b) of the Bankruptcy Code and without further action by this Court or by the shareholders or directors of any of the Reorganized Debtors, the Reorganized Debtors are authorized to perform all tasks necessary and to execute and deliver all documents, agreements and instruments necessary or appropriate to issue the New ARE Holdings Common Stock (including, without limitation, the Noteholder New Equity in connection with the Senior Secured Notes Offering), the Warrants, and the New Subsidiary Equity Interests.

42.    [RESERVED]

43.    <u>Exemption from the Registration Requirements (11 U.S.C. § 1145(a))</u>. The Court finds and concludes that, in accordance with Bankruptcy Code § 1145(a), the issuance of the New ARE Holdings Common Stock (other than the Noteholder New Equity) and Warrants under the Plan, including any securities issued upon exercise of any Warrants, is in exchange for Claims against, or Equity Interest in, the Debtors. Therefore, such issued securities are exempt from the registration requirements of Section 5 of the Securities Act of 1933, as amended (the "<u>Securities Act</u>"), or any other applicable federal law, and any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, or underwriter of or broker dealer in such securities. None of the Debtors is an underwriter within the meaning of section 1145(b) of the Bankruptcy Code. All such securities so to be issued shall be freely transferable by the initial recipients thereof (i) except for any such securities received by an underwriter thereof within the meaning of section 1145(b) of the Bankruptcy Code and (ii) subject to any restriction under applicable securities laws contained in the terms of such securities themselves or in the Plan.

24

44.     Exemption from the Registration Requirements (15 U.S.C. § 77(d)).  The

Court finds and concludes that the issuance of the Noteholder New Equity and Senior Secured

Notes to "Qualified Institutional Buyers" (as defined in Rule 144A promulgated under the

Securities Act) and "Accredited Investors" (as defined in Rule 501 of Regulation D promulgated

under the Securities Act) is exempt from the registration requirements of Section 5 of the

Securities Act pursuant to Section 4(2) thereunder, and any other applicable federal law, and any

state or local law requiring registration for offer or sale of a security or registration or licensing

of an issuer of, or underwriter of or broker dealer in such securities.

45.     No Integration.  For purposes of the Securities Act, none of the offers and

sales of New ARE Holdings Common Stock, Warrants or Senior Secured Notes issued pursuant

to, or pursuant to the Warrants issued pursuant to, the Plan shall be considered part of or

otherwise "integrated" with any offer or sales by the Reorganized Debtors of other securities

issued in connection with the Plan or in any financing consummated on or after the Effective

Date.

46.     Registration Rights Agreement.  Consistent with Article (V)(C) of the

Plan, on or after the Effective Date the Reorganized Debtors shall execute the Registration

Rights Agreement with the Majority Backstop Purchasers, which may take the form of one or

more separate agreements, in form and substance acceptable to the Majority Backstop Purchasers

in their sole discretion, and such agreement or agreements are each hereby approved in all

respects.  Security holders of the Reorganized Debtors that are beneficiaries of such agreement(s)

shall be intended third party beneficiaries to such agreement(s).  As of the Effective Date, and

upon the execution and delivery of such agreement(s) by the Reorganized Debtors and the

Majority Backstop Purchasers, such agreement(s) shall be deemed to become valid, binding and

enforceable in accordance with its terms, and each beneficiary of such agreement(s) shall be

bound thereby, in each case, without need for execution by any party thereto other than the

Reorganized Debtors and the Majority Backstop Purchasers.

47.     Backstop Commitment Agreement Obligations.  The Reorganized Debtors

will comply with all terms and conditions of the Backstop Commitment Agreement not satisfied

on or prior to the date hereof including, without limitation, (i) obtaining ratings for the Senior

Secured Notes by either Standard & Poor's Ratings Services, a division of The McGraw-Hill

Companies, Inc., or Moody's Investors Service, Inc. as soon as reasonably practicable after the

Effective Date and (ii) using their commercially reasonable best efforts to list the New ARE

Holdings Common Stock on a national securities exchange selected by the board of directors of

Reorganized ARE Holdings as soon as reasonably practicable after the Effective Date.

48.     Cancelation and Surrender of Existing Securities and Agreements.

Notwithstanding any other provision of the Plan but excluding Intercompany Claims, on and

subject to the occurrence of the Effective Date and, with respect to the Prepetition Agent and

Prepetition Lenders, subject to funding of the LC Collateral Account and payment (or deposit on

the Effective Date of funds in escrow for payment) on the Effective Date of the Allowed

Prepetition Secured Credit Facility Claims as and to the extent and in the respective amounts

provided in the Plan and the Stipulation, any promissory note, other instrument or security

evidencing a Claim or Equity Interest shall be and are deemed to be canceled and terminated and

shall have no further force and effect as of and after the Effective Date.

49.     Plan Supplement Documents.  The forms, terms and provisions of each of

the Plan Supplement Documents are hereby approved.  The Plan Supplement Documents shall be

deemed incorporated with the Plan in all respects.  The Debtors are hereby authorized to execute

and deliver each of the documents filed with the Bankruptcy Court, including, without limitation,

the Plan Supplement Documents or any other document forming part of the evidentiary record at

the Confirmation Hearing, on or about the Effective Date in substantially the respective forms included in the Plan Supplement, including such changes thereto as are consistent with the Plan, subject to the Backstop Purchaser Approval Condition. Each of the Plan Supplement Documents, once executed, shall constitute a legal, valid binding and authorized obligation of the respective parties thereto, enforceable in accordance with its terms (except as enforceability may be limited by any bankruptcy or insolvency proceeding filed by any party thereto subsequent to the date of the execution of such document).

50. <u>Designation of Directors Approved</u>. As of and subject to the occurrence of the Effective Date, the current members of the boards of directors of the Debtors shall be removed and terminated and the individuals proposed to serve as directors identified on Exhibit H of the Plan Supplement shall be deemed elected and authorized to serve as directors of Reorganized ARE Holdings as of the Effective Date until such time as their successors are duly elected and qualified. The current directors of any corporate Reorganized Subsidiary and any limited liability company Reorganized Subsidiary with directors shall be removed and terminated and, in each instance, not less than one and no more than five directors designated from among the members of the New Board by the sole stockholder of any corporate Reorganized Subsidiary or by the member or members of any limited liability company Reorganized Subsidiary with directors, as applicable, shall be deemed elected to serve as directors of such Reorganized Subsidiary until their respective successors are duly elected and qualified. Such appointment and designation is approved and ratified as being in the best interests of the Debtors and creditors and consistent with public policy. Such directors hereby are deemed elected and appointed to serve in their respective capacities as of the Effective Date without further action of the Court, the Reorganized Debtors or their Equity Interest holders. All

27

DB02:9231631.10                                                                                    068125.1001

directors of the Debtors serving as of the Effective Date shall be terminated as of, but subject to the occurrence of, the Effective Date without any further action or approval by any party.

51.   Designation or Continuation in Office of Officers Approved.  The designation or continuation in office as officers of the Reorganized Debtors of each of the individuals previously identified by the Debtors on Exhibit H of the Plan Supplement hereby are approved and ratified as being in the best interests of the Debtors and Creditors and consistent with public policy.  Such officers hereby are deemed elected and appointed to serve in their respective capacities as of the Effective Date.  All officers of the Debtors not retained or employed by the Reorganized Debtors after the Effective Date shall be terminated as officers as of, but subject to the occurrence of, the Effective Date without any further action or approval by any party.

52.   Debtors' Management Incentive Plan.  The Reorganized Debtors are authorized to adopt the Management Incentive Plan following the Effective Date.  The Management Incentive Plan shall be subject to the limitations set forth in Article V(E) of the Plan.  Without any further act or authorization, confirmation of this Order shall satisfy all applicable federal and state law requirements and all listing standards of any securities exchange for approval by the board of directors or the stockholders of the Reorganized Debtors with respect to the Management Incentive Plan.

53.   Insurance.  Pursuant to Article VII(N) of the Plan, the Debtors' discharge and release from all Claims as provided in the Plan, except as necessary to be consistent with the Plan, shall not diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtors, the Reorganized Debtors (including, without limitation, its officers and current and former directors) or any other person or entity.

DB02:9231631.10                                              068125.1001

54.     Distribution Record Date.  For purposes of distributions under the Plan to

the holders of Allowed Claims and Equity Interests, the Record Date shall be the date of entry of

this Confirmation Order.

55.     Unclaimed Distributions of Cash.  Except with respect to funds held in the

LC Collateral Account, the Prepetition Lender Claim Escrow, or any other funds escrowed

pursuant to the terms of the Stipulation, any distribution of Cash under the Plan that is unclaimed

after ninety (90) days after it has been delivered (or attempted to be delivered) shall become the

property of the Reorganized Debtor against which such Claim was Allowed notwithstanding any

state or other escheat or similar laws to the contrary, and the entitlement by the holder of such

unclaimed Allowed Claim to such distribution or any subsequent distribution on account of such

Allowed Claim shall be extinguished and forever barred.

56.     Unclaimed Distributions of New ARE Holdings Common Stock and

Warrants.  Any distribution of New ARE Holdings Common Stock or Warrants under the Plan

on account of an Allowed General Unsecured Claim or Allowed Class 9(a) Equity Interest that is

unclaimed after ninety (90) days after it has been delivered (or attempted to be delivered) shall

be cancelled, notwithstanding any state or other escheat or similar laws to the contrary, and the

entitlement by the holder of such Allowed Claim or Allowed Class 9(a) Equity Interest to such

distribution or any subsequent distribution on account of such Allowed Claim or Allowed Class

9(a) Equity Interest shall be extinguished and forever barred.

57.     Assumed and Rejected Contracts and Leases.  Other than executory

contracts or unexpired leases that have expired or terminated pursuant to their own terms during

the pendency of the Chapter 11 Cases, executory contracts and unexpired leases that have been

assumed or rejected prior to or on the date of entry of this Confirmation Order, benefit plans

(which are specifically dealt with in Article XI of the Plan), the Rejected Contracts and Leases

identified in the Plan Supplement, or insurance policies (which are specifically dealt with in Article VII(N) of the Plan), all of the executory contracts and unexpired leases that exist between the Debtors and any Person shall be deemed assumed by the applicable Debtor as of and subject to the occurrence of the Effective Date pursuant to the Plan. To the extent any such executory contracts or unexpired leases have been amended prior to the Confirmation Date, such contracts or leases shall be assumed as so amended. For the avoidance of doubt, (i) the Amended and Restated Ethanol and DDGS Handling Agreement between Consolidated Grain & Barge ("CGB") and ARE – Mt. Vernon, and (ii) the Amended and Restated Grain Origination Agreement between CGB and ARE – Mt. Vernon, are assumed as amended and restated by written agreement, dated as of February 24, 2010. The Rejected Contracts and Leases are rejected by the applicable Debtor as of the corresponding rejection dates set forth in the Plan Supplement, subject to the occurrence of the Effective Date.

58.     Cure Amounts. Except as otherwise set forth herein, each non-Debtor party to an executory contract or unexpired lease to be assumed pursuant to the Plan (each an "Assumed Contract and Lease") is deemed to have consented to the assumption of such executory contract or unexpired lease and the cure amount proposed by the Debtors in the Cure Notice (or such other amount as agreed to by the applicable Debtor and non-Debtor counterparty as set forth herein) (each a "Cure Amount"), and the Debtors are authorized to pay the Cure Amounts. The non-Debtor counterparties to the Assumed Contracts and Leases are barred from disputing the Cure Amounts and/or asserting any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors prior to the Effective Date of the Plan. In addition, upon the Effective Date of the Plan, the counterparties to such executory contracts or unexpired leases shall be forever enjoined and barred from asserting any additional amount owed under the

30

applicable executory contract or unexpired lease on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. The Reorganized Debtors and the non-debtor party to such executory contracts or unexpired leases shall enjoy all of the rights and benefits under such assumed executory contracts or unexpired leases without the necessity of obtaining any party's written consent to the Debtors' assumption of such executory contracts or unexpired leases, and such counterparties are deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of such executory contracts or unexpired leases.

59.    <u>Discharges, Injunctions, Releases, Exculpations and Indemnifications Approved</u>. In light of all of the circumstances and the record in these Chapter 11 Cases, including the evidenced proffered or addressed at the Confirmation Hearing and the Henning Declaration, each of the discharges, releases, injunctions, indemnifications and exculpations provided under the Plan, including those, without limitation, set forth in Articles VII(D), (E), (I), (J), and (K) of the Plan, is hereby approved as being (i) within the jurisdiction of the Bankruptcy Court to approve under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) an integral element of the transactions incorporated in the Plan; (iv) beneficial to, and in the best interests of, the Debtors, their Estates and their creditors; (v) critical to the overall objectives of the Plan; and (vi) consistent with sections 105, 1123, 1129 and all applicable provisions of the Bankruptcy Code. Only Persons who (a) directly or indirectly, have held, hold, or may hold Claims or Equity Interests, (b) voted to accept the Plan as set forth on the relevant Ballot, and (c) did not mark their Ballot to indicate their refusal to grant the releases provided in Article VII(J) of the Plan, shall be deemed, by virtue of their receipt of Distributions and/or other treatment contemplated under the Plan, to have forever released and covenanted with the Reorganized

Debtors and the Released Parties to grant the Non-Debtor Releases set forth in Article VII(J) of the Plan.

60. <u>Injunction</u>. Except as otherwise expressly provided in the Plan, this Confirmation Order, the Plan Supplement Documents, or a separate order of the Court, all entities who have held, hold, or may hold Claims against the Debtors that arose before or were held as of the Effective Date, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or the Reorganized Debtors, with respect to any such Claim, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtors or the Reorganized Debtors on account of any such Claim, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or the Reorganized Debtors or against the property or interests in property of the Debtors or Reorganized Debtors on account of any such Claim and (d) asserting any right of setoff, or subrogation of any kind against any obligation due from the Debtors or the Reorganized Debtors or against the property or interests in property of the Debtors or Reorganized Debtors on account of any such Claim. Such injunction shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property. Such injunction shall not apply in respect of Ordinary Course Administrative Claims; <u>provided, however,</u> that the releases by non-debtors and injunction provided in the Plan shall not be deemed a waiver or relinquishment of any equitable or legal defense that an entity held against the Debtors immediately prior to the Petition Date, with respect to any Cause of Action commenced by the Debtors prior to the Effective Date or the Reorganized Debtors after the Effective Date, as the case may be, against such entity; <u>provided, further,</u> that the releases and injunction provided in the Plan shall be deemed a waiver or relinquishment of any right of setoff ~~or recoupment~~ or any

32

other monetary claim to the extent such right or claim was not properly preserved through the timely filing of a proof of claim.

61. <u>Continuation of the Automatic Stay</u>. All injunctions or stays, whether imposed by operation of law or by Order of this Court, provided for in the Chapter 11 Cases, pursuant to sections 105 or 362 of the Bankruptcy Code or otherwise, that are in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date. As of the Effective Date, the stay imposed pursuant to section 362(a) of the Bankruptcy Code shall be dissolved and of no further force and effect, subject to the injunction set forth in the Plan, herein and/or sections 524 and 1141 of the Bankruptcy Code, except that nothing herein shall bar the filing of documents in connection with the Exit Financing and the ABL Credit Facility Documents and the Senior Secured Notes Documents related thereto, and the Kiewit Note and the deed of trust granted in connection therewith, or the taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan, the Exhibits to the Plan, the Plan Supplement Documents or this Order.

62. <u>General Authorizations</u>. Pursuant to section 1142(b) of the Bankruptcy Code, the Debtors, the Reorganized Debtors, and all other necessary parties are authorized and empowered to (x) execute and deliver any instrument, agreement or document and (y) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and this Confirmation Order and consummation of the Plan, and are authorized and empowered, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan and the Backstop Commitment Agreement, including, without limitation, entering into each of the Plan Supplement Documents, the ABL Credit Facility Documents and the Senior Secured Notes Documents.

33