63.    Authorizations. The Debtors are authorized, empowered, and directed to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan, the Backstop Commitment Agreement and this Confirmation Order, all without further corporate action or action of the Debtors' directors or stockholders, including (a) the removal on the Effective Date of the board of directors or other similar governing body of each Debtor and the appointment, on the Effective Date, of the directors and officers of each Debtor, as listed on Exhibit H of the Plan Supplement, and (b) the adoption and implementation of the Corporate Governance Documents.

64.    Governmental Approvals. Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, deeds of trust, security filings, financing statements and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

65.    Exemption From Transfer Taxes. Pursuant to section 1146(c) of the Bankruptcy Code, (a) the issuance, transfer or exchange under the Plan of the Senior Secured Notes, New ARE Holdings Common Stock (including the Noteholder New Equity) and Warrants, and (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest in favor of the lenders under the Exit Financing, including the Senior Secured Indenture, the holders of Prepetition Second Credit Facility Claims with respect to the LC Collateral Account, and Kiewit with respect to the Kiewit Note, (c) the making or assignment of any lease

34

or sublease, or (d) the making or delivery of any other instrument whatsoever, in furtherance of or in connection with the Plan shall not be subject to any stamp, real estate transfer, recording or other similar tax. All recording and filing officers and clerks wherever located are hereby directed to accept for filing or recording, and to file or record immediately upon presentation thereof, any mortgage, deed of trust or other instrument of transfer described in (a), (b), (c) or (d) above without payment of any stamp tax or similar tax. The Debtors are hereby authorized to deliver a notice or short form of this Confirmation Order to any state recording officer to the effect that such officer must accept for filing such security interests without charging any stamp tax or other similar tax or fee within the scope of section 1146(a) of the Bankruptcy Code.

66. <u>Bar Date for Administrative Claims</u>. All holders of asserted Administrative Claims (except for Fee Claims, Ordinary Course Administrative Claims and any claims of the Prepetition Agent or holders of Prepetition Secured Credit Facility Claims payable in accordance with the procedures set forth in the Stipulation) not paid prior to the Confirmation Date shall submit proofs of such Administrative Claims on or before the first business day that is thirty (30) days after the Confirmation Date (the "<u>Administrative Claims Bar Date</u>") or forever be barred from doing so and from receiving payment thereof unless such Administrative Claims have been previously been Allowed or Authorized and/or directed to have been by order of the Court. The Reorganized Debtors shall have until the Claims Objection Deadline (or such longer period as may be allowed by order of the Court, which may be granted without notice to any party or a hearing) to review and object to all applications for the allowance of Administrative Claims.

67. <u>Fee Claims</u>. As provided in Article III(D) of the Plan, all requests for compensation or reimbursement of Fee Claims pursuant to sections 327, 328, 330, 331, 503 or 1103 of the Bankruptcy Code for services rendered prior to the Effective Date shall be filed and

35

served on the Reorganized Debtors, counsel to the Reorganized Debtors, the United States Trustee, and counsel to the Creditors Committee and such other entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Court, no later than forty-five (45) days after the Effective Date unless the Plan, the Confirmation Order or a separate order of the Court expressly provides otherwise. Holders of Fee Claims that are required to file and serve applications for final allowance of their Fee Claims and that do not file and serve such applications by the required deadline shall be forever barred from asserting such Claims against the Debtors, Reorganized Debtors or their respective properties, and such Fee Claims shall be deemed discharged as of the Effective Date. Objections to any Fee Claims must be filed and served on the Reorganized Debtors, counsel for the Reorganized Debtors, and the requesting party twenty (20) days after the filing and service of such request.

68. <u>Payment of Fees</u>. All fees due and payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtors on or before the Effective Date and all such fees payable after the Effective Date shall be paid by the applicable Reorganized Debtor as and when such fees become due.

69. <u>Payment of Backstop Purchaser Fees</u>. Nothing in the Plan or this Confirmation Order is intended to affect the requirement of the Debtors, pursuant to the Backstop Approval Order, to pay the reasonable fees and expenses of the Backstop Purchasers provided for in the Backstop Commitment Documents (as defined in the Backstop Approval Order), provided, that any reasonable fees and expenses of the Backstop Purchasers payable after the Effective Date shall be paid by the Reorganized Debtors as such amounts become due.

70. <u>Dissolution of Creditors Committee</u>. The Creditors Committee shall continue in existence until the Effective Date to exercise those powers and perform those duties specified in section 1103 of the Bankruptcy Code. On the Effective Date, the Creditors

36

Committee shall be dissolved and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Cases or this Plan and its implementation, and the retention or employment of the Creditors Committee's attorneys, financial advisors, and other agents shall terminate as of the Effective Date, except with respect to their respective Fee Claims.

71.     Preservation of Causes of Action. The Reorganized Debtors shall retain all Litigation Rights as set forth in the Plan. Except as expressly provided in the Plan or the Confirmation Order, nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any such Litigation Rights. Nothing contained in the Plan or this Confirmation Order shall be deemed a waiver or relinquishment of any Claim, Litigation Rights, right of setoff, or other legal or equitable defense that the Debtors had immediately prior to the Petition Date that is not specifically waived or relinquished by this Plan. The Reorganized Debtors shall have, retain, reserve and be entitled to assert all such Claims, Litigation Rights, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Chapter 11 Cases had not been commenced, and all of the Reorganized Debtors' legal and equitable rights respecting any Claim that are not specifically waived or relinquished by this Plan may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced. For avoidance of doubt, except with respect to the treatment and payment of the Prepetition Secured Credit Facility Claims provided for under the Plan and the Stipulation, the Reorganized Debtors shall have, retain, reserve and be entitled to assert all Claims, Litigation Rights, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Chapter 11 Cases had not been commenced in connection with the Auction Rate Securities Litigation.

37

72.  Administrative Claims Incurred After the Effective Date. Administrative Claims incurred by the Debtors after the Effective Date including (without limitation) Claims for Professionals' fees and expenses incurred after such date, may be paid by the Reorganized Debtors in the ordinary course of business and without application for or Court approval, subject to any agreements with any claim holders.

73.  Future Plan Modifications. After the entry of this Confirmation Order, subject to paragraph 49 as to changes to the forms of Plan Supplement Documents, the Debtors (subject to the backstop Purchasers Approval Condition) or the Reorganized Debtors, as the case may be, without notice to all holders of Claims and Interests, insofar as it does not materially and adversely affect the interest of holders of Claims, may correct any defect, omission or inconsistency in the Plan or any agreement, instrument or documents related thereto. After the entry of this Confirmation Order, subject to paragraph 49 as to changes to the forms of Plan Supplement Documents, the Debtors (subject to the Backstop Purchasers Approval Condition) or the Reorganized Debtors, as the case may be, may alter or amend the Plan or any agreement, instrument or document related thereto, in a manner which materially and adversely affects holders of Claims, provided that such alteration or modification is made after a hearing as provided in section 1127 of the Bankruptcy Code.

74.  Survival of Backstop Purchaser Approval Condition under the Backstop Commitment Agreement. Notwithstanding anything to the contrary contained in the Plan or the Confirmation Order, neither the entry of the Confirmation Order nor the occurrence of the Effective Date of the Plan shall be deemed to prejudice or otherwise impair in any way the Backstop Purchaser Approval Condition as set forth in the Backstop Commitment Agreement through the Effective Date, including, without limitation, with respect to the form and substance of, or any amendment, modification or supplement of, the Plan Supplement Documents.

38

75.     Failure to Consummate Plan.  In accordance with Article XII(C) of the Plan, in the event that the Effective Date does not occur on or before ninety (90) days after the Confirmation Date, upon notification submitted by the Debtors to the Court:  (a) the Confirmation Order shall be vacated, (b) no distributions under the Plan shall be made, (c) the Debtors and all holders of Claims and Equity Interests shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, and (d) the Debtors' obligations with respect to the Claims and Equity Interests shall remain unchanged and nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims or Equity Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors unless extended by Court order.

76.     Revocation, Withdrawal, or Non-Consummation.  The Debtors may revoke or withdraw the Plan at any time prior to the Effective Date, subject to consent of the Majority Backstop Purchasers or by order of the Court.  If the Debtors revoke or withdraw the Plan prior to the Effective Date, or the Effective Date does not occur, the Plan, any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Interest or Class of Claims or Interests), the assumption or rejection of executory contracts, unexpired leases, or benefit plans (pursuant to Article XI of the Plan) effected by the Plan, any release, exculpation or indemnification provided for in the Plan, and any document or agreement executed pursuant to the Plan shall be null and void.  In such event, nothing contained herein, and no acts taken in preparation for consummation of the Plan shall be deemed to constitute a waiver or release of any Claims by or against or Interests in the Debtors or any other Person, to prejudice in any manner the rights of the Debtors or any Person in any further

39

proceedings involving the Debtors, or to constitute an admission of any sort by the Debtors or any other Person.

77.  Retention of Jurisdiction. This Court shall have exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, section 105(a) and section 1142 of the Bankruptcy Code including, without limitation, for the purposes set forth in Article VIII of the Plan.

78.  No Post-Confirmation Amendment or Filing of Claims. Except as otherwise provided herein or in the Plan, any party filing a proof of Claim after the Confirmation Date shall not be entitled to treatment as a creditor with respect to such Claim for the purposes of distribution under the Plan, unless and until the party filing such Claim either obtains the written consent of the Reorganized Debtors to file such Claim late or obtains an order of the Court upon written motion on notice to the Reorganized Debtors that permits the filing of the Claim.

79.  Approval of Stipulation with JP Morgan; Incorporation by Reference. The Stipulation is approved. As provided in paragraph 7 of the Stipulation, the Stipulation is hereby incorporated in its entirety by reference into this Confirmation Order and the Plan as if set forth herein and therein.

80.  Resolution of the Office of the United States Trustee's Informal Objection. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the injunction in Article VII(K)(2) of the Plan shall not prohibit the exercise of a valid right of setoff that has been allowed by Final Order of the Court or by the agreement of the Debtors or the Reorganized Debtors, as the case may be; provided that any such right of setoff was properly preserved through the timely filing of a proof of claim or otherwise on or before the Bar Date.

81.  Resolution of Liberty Mutual's Informal Objection. Notwithstanding anything to the contrary in the Plan, Liberty Mutual's rights of setoff and recoupment or their

40

rights to realize upon collateral or other security provided or arranged by the Debtors pursuant to the Debtors' insurance policies with Liberty Mutual (the "Liberty Mutual Insurance Agreements") are preserved solely to the extent such rights are provided for by the Liberty Mutual Insurance Agreements and applicable law. To the extent that the Liberty Mutual Insurance Agreements are considered executory they will be assumed pursuant to the Plan (the "Liberty Mutual Executory Insurance Agreements"). Obligations arising under the Liberty Mutual Executory Insurance Agreements that come due in the ordinary course after the date hereof, including but not limited to any retrospective adjustments or amounts attributable to losses that occurred prior to the date hereof, shall be paid in accordance with the terms of the Liberty Mutual Executory Insurance Agreements. The rights and obligations of the insureds and insurers under the Liberty Mutual Executory Insurance Agreements shall be determined by reference to (i) the Liberty Mutual Executory Insurance Agreements, including all terms, conditions, limitations and exclusions thereof, which shall remain in full force and effect, and (ii) any applicable non-bankruptcy law.

82.  Resolution of Deutsche Bank's Informal Objection. (i) Prepetition Indenture Trustee Fees, Expenses and Indemnification Claims. Pursuant to Article (VI)(E)(8) of the Plan, (i) the Reorganized Debtors shall pay the reasonable and documented fees and expenses of the Prepetition Indenture Trustee, including attorneys' fees, (ii) the Prepetition Indenture Trustee shall retain its charging lien or any other priority of payment to which it is entitled pursuant to section 7.7 of the Prepetition Indenture against Distributions to the Prepetition Unsecured Notes Claims to the extent any Prepetition Indenture Trustee fees and expenses are not paid by the Reorganized Debtors and nothing herein or in the Plan shall be deemed to impair, waive or discharge the Prepetition Indenture Trustee's charging lien for any fees and expenses not paid by the Reorganized Debtors, and (iii) to the extent the Prepetition Indenture Trustee

41

incurs fees and expenses in connection with the Distribution that are not disputed by the Reorganized Debtors, such reasonable fees and expenses shall be paid by the Reorganized Debtors within ten (10) business days after the Prepetition Indenture Trustee's submission of such fees and expenses to the Reorganized Debtors. The payment of the Prepetition Indenture Trustee's fees and expenses provided for in this paragraph shall be without the need for application or approval of the Bankruptcy Court or any other Court. (ii) <u>Disbursements on Account of Prepetition Unsecured Notes.</u> Distributions of shares of New ARE Holdings Common Stock on account of the Prepetition Unsecured Notes Claim shall be made to the Prepetition Indenture Trustee's account at the Depository Trust Corporation. Thereafter, but subject to the Prepetition Indenture Trustee's charging lien, the Prepetition Indenture Trustee shall cooperate in the transmission of such Distributions to the holders of Allowed Prepetition Unsecured Notes Claims. The Debtors and the Prepetition Indenture Trustee shall have no obligation to recognize any transfer of the Prepetition Unsecured Notes Claims occurring after the Record Date and the Prepetition Indenture Trustee shall be entitled to recognize and deal for all purposes hereunder and under the Plan only with the entity who is listed on the Prepetition Indenture Trustee's books and records as of the close of business on the Record Date. The Prepetition Indenture Trustee shall have no obligations with respect to the Senior Secured Notes Offering or the distribution of Senior Secured Notes. For the avoidance of doubt, references to the New ARE Holdings Common Stock in this paragraph 82 shall not include the Noteholder New Equity.

83. <u>Resolution of Environmental Protection Agency's Informal Objection.</u> Nothing in this Order or the Plan discharges, releases, precludes, or enjoins: (i) any environmental liability to any governmental unit that is not a Claim; (ii) any environmental Claim of any governmental unit arising on or after the Effective Date; (iii) any environmental

42

068125.1001

liability to any governmental unit that any entity would be subject to as the owner or operator of property after the Effective Date; or (iv) for the avoidance of doubt, the release by non-Debtors in Article VII(J) shall not apply to the United States.

84.    Resolution of Internal Revenue Service's Informal Objection. Notwithstanding anything to the contrary in the Plan or this Order: (i) the rights of the Internal Revenue Service ("IRS") to assert setoffs or recoupments are, to the extent allowed under applicable non-bankruptcy law, preserved; (ii) the rights of the IRS to assert claims against non-debtors for liabilities that may be related to any federal tax liabilities owed by the Debtors are, to the extent allowed under applicable non-bankruptcy law, preserved; (iii) to the extent the IRS is entitled to any interest on account of an Allowed Priority Tax Claim, it shall accrue interest from the Effective Date at the rate and method set forth in 26 U.S.C. § 6621 and 6622; and (iv) if the Debtors elect to pay any Allowed Priority Tax Claim of the IRS in equal installments, it shall be in quarterly payments payable over a period not to exceed five (5) years after the Petition Date.

85.    Resolution of Zurich American Insurance Company's Objection. The cure amount for the Zurich Policies (as defined in the objection filed by Zurich American Insurance Company ("Zurich") appearing at Docket No. 759) shall not exceed $171,251.19 (the "Maximum Cure Amount"). The Maximum Cure Amount remains subject to dispute and reconciliation by the Debtors and/or the Reorganized Debtors, as the case may be. If Zurich and the Debtors and/or the Reorganized Debtors, as the case may be, reach a consensual agreement as to the cure amount, such cure amount may be satisfied from the proceeds of the letter of credit provided for under the terms of the Zurich Policies or by payment of immediately available funds from the Debtors and/or the Reorganized Debtors, as the case may be. To the extent Zurich and the Debtors and/or the Reorganized Debtors, as the case may be, are unable to reach a consensual agreement as to the cure amount for the Zurich Policies, a hearing will be scheduled

43

to determine the appropriate cure amount. Undisputed obligations of the Debtors and/or the Reorganized Debtors, as the case may be, arising under the Zurich Policies from and after the Confirmation Date shall be paid by the Debtors and/or the Reorganized Debtors, as the case may be, in the ordinary course of business and in accordance with the terms of the Zurich Policies

86. <u>Resolution of Objection of Glacial Lakes Energy, LLC, *et al.*</u>
Notwithstanding anything to the contrary in the Plan or this Confirmation Order, all rights of setoff and recoupment that Glacial Lakes Energy, LLC, Aberdeen Energy, LLC or Redfield Energy, LLC (collectively, the "GAR Objectors") may hold or have held against the Debtors prior to the Petition Date as well as any and all legal or equitable defenses (including, without limitation, rights of setoff and recoupment) with respect to any claims or causes of action that may be asserted by the Debtors and/or the Reorganized Debtors against the GAR Objectors are hereby preserved. For the avoidance of doubt, the Debtors and/or the Reorganized Debtors are not waiving any right to contest or otherwise challenge any and all claims and/or legal or equitable defenses asserted by the GAR Objectors.

87. <u>Amendment and Assumption of the Delta-T Licenses</u>. Notwithstanding the entry of this Confirmation Order, the Debtors shall retain the right to reject certain technology license agreements (the "<u>License Agreements</u>"), entered into on May 31, 2007 between the Debtors and Delta-T Corporation ("<u>Delta-T</u>"). Prior to the Effective Date, notwithstanding anything contained within this Confirmation Order or the Plan, the Debtors shall retain the right to amend the License Agreements by entering into a settlement agreement (the "<u>Settlement Agreement</u>") with Applied Process Technology International ("<u>APTI</u>"), as assignee of Delta-T under the License Agreements. Once executed, the Settlement Agreement shall be submitted to the Bankruptcy Court under certification of counsel and the License Agreements shall be assumed as amended as set forth in the Settlement Agreement.

88.    Notices of Entry of Confirmation Order; Occurrence of the Effective Date and Various Deadlines. As soon as practical after entry of this Confirmation Order, the Debtors shall serve by first class mail, postage prepaid, pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules notice of (i) entry of this Confirmation Order and (ii) the Administrative Claims Bar Date, on all Creditors and holders of Equity Interests, the United States Trustee and all parties having filed notices of appearance and requests for notice in these cases, by causing a notice in substantially the form of the notice annexed hereto as Exhibit A, which form is hereby approved (the "Confirmation Notice"); provided, however, that the Confirmation Notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any person to whom the Debtors mailed a notice of the Confirmation Hearing but received such notice returned and marked "undeliverable as addressed," "moved - left no forwarding address" or "forwarding order expired," or similar marking, unless the Debtors have since been informed in writing by such person of that person's correct address. In addition, the Reorganized Debtors shall cause a copy of the Confirmation Notice to be published once in the national edition of The Wall Street Journal or USA Today on or before five (5) business days after the entry of this Confirmation Order. As soon as practical after the occurrence of the Effective Date, the Debtors shall serve by first class mail, postage prepaid, notice of (i) the occurrence of the Effective Date and (ii) the deadline to file Fee Claims, on all professionals retained in the Chapter 11 Cases, the United States Trustee and all parties having filed notices of appearance and requests for notice in these cases, by causing a notice in substantially the form of the notice annexed hereto as Exhibit B, which form is hereby approved (the "Effective Date Notice"). The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

45

89. References to Plan Provisions. The terms of the Plan are an integral part of this Confirmation Order and are incorporated herein by reference. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not affect, diminish or impair the effectiveness of such provision, it being the intent of the Court that entry of this Confirmation Order constitutes approval and confirmation of the Plan in its entirety.

90. Confirmation Order Controlling. If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

91. Separate Confirmation Order. This Confirmation Order is and shall be deemed a separate Confirmation Order with respect to each of the Debtors in each Debtor's separate Chapter 11 Case for all purposes.

92. Vacatur of Confirmation Order. If this Confirmation Order is vacated, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against, or Equity Interests in, the Debtors; (b) prejudice in any manner the rights of the holder of any Claim against, or Equity Interest in, the Debtors; (c) prejudice in any manner any right, remedy or claim of the Debtors; or (d) be deemed an admission against interest by the Debtors.

93. Applicable Non-Bankruptcy Law. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and the Plan Supplement Documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

94.    <u>Immediately Effective Order</u>.  Notwithstanding Bankruptcy Rules 7062

and 3020(e), this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated:    Wilmington, Delaware
          February 24, 2010

                                              _____
                                              Kevin Gross
                                              United States Bankruptcy Judge

DB02:9231631.10                                                    068125.1001