## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENTINE RENEWABLE ENERGY HOLDINGS, INC., a Delaware Corporation, *et al.*, | Case No. 09-11214 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: April 21, 2010 at 11:00 a.m. (ET) |
| | Obj. Deadline: March 26, 2010 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move this Court (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order further extending the Debtors' exclusive periods to file a chapter 11 plan or plans and to solicit acceptances of such plan(s) through and including May 3, 2010, and July 2, 2010, respectively. In support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### PRELIMINARY STATEMENT

1. On January 13, 2010, the Debtors filed the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated as of January 13, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The corporate headquarters address for all of the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

(including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") and the Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated, as of January 13, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"). On January 13, 2010, the Court entered an order (the "DS and Solicitation Procedures Order") approving, inter alia, the adequacy of the information contained in the Disclosure Statement, the Debtors' proposed procedures for soliciting votes to accept or reject the Plan, and the deadline and procedures for filing objections to confirmation of the Plan. At the hearing to consider confirmation of the Plan (the "Confirmation Hearing") held on February 24, 2010, the Court entered an order confirming the Plan (the "Confirmation Order") [Docket No. 814]. As of the date hereof, the Plan has not become effective.

2. Although the Debtors do not anticipate difficulties in satisfying the conditions precedent for the Plan to become effective, out of an abundance of caution, by this Motion and pursuant to section 1121(d) of the Bankruptcy Code, the Debtors are seeking an extension of their exclusive periods to file a chapter 11 plan through and including May 3, 2010, and to solicit votes to approve a chapter 11 plan through and including July 2, 2010 (the "Exclusive Periods"). The Debtors' Exclusive Periods are slated to expire on March 4, 2010 and May 3, 2010, respectively. The requested extension will allow the Debtors to maintain the Exclusive Periods in the unlikely event the Plan does not become effective.

## JURISDICTION

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory and legal predicate for the relief sought herein is section 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

## BACKGROUND

4. On April 7, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). On April 9, 2009, the Court entered an order jointly administering the Debtors' chapter 11 cases for procedural purposes only.

5. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of William J. Brennan in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 4], which is incorporated herein by reference.

7. On April 23, 2009, the United States Trustee for the District of Delaware (the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

8. On August 4, 2009, the Debtors filed their first request to extend the Exclusive Periods (as defined below) [Docket No. 359] (the "First Exclusivity Motion"). The

First Exclusivity Motion, which is incorporated herein by reference, identifies and describes a number of the matters that the Debtors addressed in these cases through the date of the First Exclusivity Motion, including, among other things, the significant relief that the Debtors obtained in the early days of these cases and the Debtors' entry into and obtaining approval of debtor in possession financing (the "DIP Facility") over the objection of the Debtors' prepetition secured lenders. By Order dated August 18, 2009 [Docket No. 399], the Court granted the requested extensions contained in the First Exclusivity Motion.

9. On October 2, 2009, the Debtors filed a motion (the "Second Exclusivity Motion") [Docket No. 479] requesting that the Court further extend (a) the period in which the Debtors have the exclusive right to file a chapter 11 plan by 60 days through and including December 4, 2009; and (b) the period in which the Debtors have the exclusive right to solicit acceptance of such plan by 60 days through and including February 1, 2010. By order dated October 27, 2009 [Docket No. 522], the Court granted the requested extensions contained in the Second Exclusivity Motion.

10. On December 4, 2009 the Debtors filed their third motion (the "Third Exclusivity Motion", and together with the First Exclusivity Motion and Second Exclusivity Motion, the "Exclusivity Motions") [Docket No. 591] requesting that the Court further extend (a) the period in which the Debtors have the exclusive right to file a chapter 11 plan by 90 days through and including March 4, 2010; and (b) the period in which the Debtors have the exclusive right to solicit acceptance of such plan by 91 days through and including May 3, 2010. By order dated January 7, 2010 [Docket No. 659], the Court granted the requested extensions contained in the Third Exclusivity Motion.

11.     Since the filing and approval of the Third Exclusivity Motion, the Debtors have expended considerable time and effort obtaining approval of the Disclosure Statement, commencing and completing the solicitation and tabulation process, and pursuing confirmation of the Plan. Ultimately, the Debtors' efforts resulted in the Court entering the Confirmation Order on February 24, 2010.

## RELIEF REQUESTED

12.     By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the period in which the Debtors have the exclusive right to file a chapter 11 plan be extended by 60 days from March 4, 2010 through and including May 3, 2010; and (b) the period in which the Debtors have the exclusive right to solicit acceptances of such plan be further extended by 60 days from May 3, 2010 through and including July 2, 2010.[2] The Debtors also request that such extensions be without prejudice to their rights to request further extensions or to seek other appropriate relief.

## BASIS FOR RELIEF

13.     Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan. Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the Exclusive Filing Period, then it has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of such plan. Section 1121(d) permits the Court to extend the Exclusive Periods for "cause."

---

[2]  Pursuant to Local Rule 9006-2, the Debtors' Exclusive Filing Periods (as defined herein) "shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. LR 9006-2.

## A. Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"

14. The Exclusive Periods under section 1121(b) of the Bankruptcy Code are intended to afford the Debtors the opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the Debtors' business operations that might be caused by the filing of competing plans by non-Debtor parties. Section 1121(d) of the Bankruptcy Code allows the Court to extend, for "cause," based upon the relevant facts and circumstances, the Debtors' Exclusive Periods. Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

15. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case.[3] See First Am. Bank of N.Y. v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis.

---

[3] Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended section 1121(d) by prohibiting extensions of the Exclusive Filing Period and Exclusive Solicitation Period beyond 18 and 20 months, respectively, of the Petition Date, there was no revision to the standards for obtaining interim extensions. Accordingly, pre-BAPCPA case law continues to apply and must be examined in the context of the instant case.

1986). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Indeed, courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of ... [section 1121(d)] is flexibility"). Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. See Geriatrics Nursing Home v. First Fidelity Bank, N.A., 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate a plan:

> The court is given the power, though, to increase ... the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

16.  When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds

for extending the periods. Factors considered by the courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. See, e.g., Continental Cas. Co. v. Burns & Roe Enters., Inc., 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y. 1989); In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re Express One Int'l Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Grand Traverse Dev. Co. Ltd. P'ship, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Southwest Oil Co. of Jourdanton, Inc., 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987). The application of these factors to the facts and circumstances of these cases demonstrates that the requested extensions are both appropriate and necessary.

**B.      Cause Exists for an Extension of the Debtors' Exclusive Periods in These Cases**

17.     Simply put, cause exists for the extension of the Exclusive Periods. As detailed in the Disclosure Statement and the previous Exclusivity Motions, which are incorporated herein by reference, the Debtors satisfy the various factors courts rely on in connection with granting extensions of the Exclusive Periods set forth in section 1121(d) of the Bankruptcy Code. Further, extending the Exclusive Periods will permit the Debtors to maintain exclusivity in the unlikely event that the Plan does not become effective and thus, will provide

the Debtors with time to reassess and pursue all alternative options with respect to their chapter 11 restructuring as they are the party best positioned to take such action.

18. Termination of the Exclusive Periods would adversely impact the Debtors' business operations and the progress made by the Debtors in these cases. At this stage, as the Debtors testified at the Confirmation Hearing, the financial reorganization of the Debtors' existing business as contemplated by the terms of the Plan will produce the most value to stakeholders. The Debtors have placed their business in a position to achieve profitability, and they must be allowed sufficient opportunity to focus on the next steps toward exiting from chapter 11. The Debtors' efforts throughout these chapter 11 cases have resulted in the stabilization of their businesses and improvements in operational and financial performance during these cases, and, further, the Debtors have undertaken substantial work to obtain confirmation of the Plan. The record of these cases demonstrates the critical role of the Debtors in the successful reorganization of these estates and the importance of the Debtors maintaining exclusivity in the unlikely event that the Plan does not become effective.

19. Accordingly, based upon the foregoing, cause exists in these bankruptcy proceedings to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

20. The Debtors will serve this Motion on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the agent for the post-petition secured lenders; (iv) counsel to the agent for the prepetition secured lenders; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

21. No previous motion for the specific relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto: (a) granting the relief requested herein; and (b) granting to the Debtors such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
March 3, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4116)
Ryan M. Bartley (No. 4985)
Justin H. Rucki (No. 5304)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

- 10 -
DB02:9307411.4                                                                                      068125.1001