IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AVENTINE RENEWABLE ENERGY HOLDINGS, INC., a Delaware Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-11214 (KG)<br><br>Jointly Administered<br><br>Re: Docket No. 910 |

## RESPONSE AND RESERVATION OF RIGHTS OF CLAIMANTS, FIRST UNION RAIL CORPORATION AND RAILCAR INVESTMENT, LLC TO DEBTORS' FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Claimants, First Union Rail Corporation, a/k/a First Union Rail ("First Union Rail") and Railcar Investment LLC ("Railcar Investment", together with First Union Rail, collectively, "Claimants"), by and through their undersigned counsel, hereby respectfully submit this Response and Reservation of Rights (this "Response") of Claimants, First Union Rail and Railcar Investment to the Debtors' Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Dkt No. 910] (the "Objection to Claims"), and in support of this Response, Claimants state as follows:

1. Claimants have timely submitted proofs of claim against Aventine Renewable Energy, Inc. ("Aventine"). First Union Rail's proof of claim (the "First Union Rail Claim") is

---

[1] The above-captioned Debtor is one (1) of seven (7) Debtors, the chapter 11 cases of which are jointly administered under the case of Aventine Renewable Energy Holdings, Inc. All seven (7) Debtors' names, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872) (collectively, the "Debtors"). The corporate headquarters address for the Debtors is 120 North Parkway Drive, Pekin, Illinois 61554.

numbered 371 and Railcar Investment's proof of claim (the "Railcar Investment Claim") is numbered 467, as set forth in Exhibit J attached to the Objection to Claims.

2. Pursuant to the Objection to Claims, the deadline to file a formal response to the Objection to Claims was April 26, 2010. However, Claimants hereby submit this Response pursuant to an extension granted by the Debtors.

## Preliminary Statement

3. Claimants have been and, to date, remain in discussions with the Debtors in an effort to consensually resolve this matter and while Claimants remain hopeful that this matter can be consensually resolved, in the event that the Debtors fail to come to terms with the Claimants, this Response is filed to reserve all rights of the Claimants.

4. Claimants file this Response because the Objection to Claims has incorrectly (1) failed to include in the amount of the First Union Rail Claim (as defined below) the amount of attorneys' fees and costs incurred by First Union Rail, as provided in the Lease (as defined below) from which the First Union Claim arises, and (2) reduced the amount of future payments under the Railcar Investment Claim (as defined below) by an alleged market rate of $450 per month per car, instead of reducing said Railcar Investment Claim by the appropriate and significantly lower market rate of $380 per month per car.

## The First Union Rail Claim

5. The First Union Rail Claim arises from the Lease (as defined in the First Union Rail Claim), which, as of the April 7, 2009 (the "Petition Date"), comprised of one (1) rider lease (the "Old First Union Rail Rider"), that provided for the lease by First Union Rail, as lessor, of

2

RLF1 3566467v.1

fifty (50) railcars to Aventine, as lessee, at the monthly rental rate of $763.00 per railcar for the term through and including December of 2013.

6. Immediately after the Petition Date, Aventine rejected the Old First Union Rail Rider and one (1) of the fifty (50) railcars under the Old First Union Rail Rider was leased by First Union Rail to a third party unrelated to Aventine. Thereafter, First Union Rail and Aventine entered into a new rider to the Lease, Rider 2A (the "New First Union Rail Rider"), effective April 29, 2009, which covers the remaining forty-nine (49) railcars at the monthly rental rate of $380.00 per railcar. A copy of the New First Union Rail Rider is attached hereto as Exhibit "A" to this Response.

7. The First Union Claim was filed for the principal amount of (i) the balance due as of the Petition Date minus post-petition payments received, and (ii) the total amount of all monthly rent payments becoming due under the remaining fifty-six (56) months of the Old First Union Rail Rider for the remaining forty-nine (49) railcars, for a total of approximately $2,065,186.50, together with all interest, attorneys' fees, costs, and any other amounts in connection therewith. A copy of the First Union Rail Claim is attached hereto as Exhibit "B" to this Response.

8. Under the Objection to Claims, Debtors seek to reduce the foregoing First Union Claim based on Texas statute, Tex. Bus. & Com. Code § 2A.528(a) and § 2A.103(21). In sum, Debtors appear to have reached their calculations under the Objection to Claims by reducing the $763.00 monthly rate for remaining future payments under the Old First Union Rail Rider by the amount of the $380.00 monthly rate under the New First Union Rail Rider ($763 - $380 = $383) and discounting those remaining future payments to present value using the discount rate of 8%

3

interest over the course of the remaining fifty - six (56) months. Thereby reducing the total foregoing First Union Claim to $884,825.50.

9. Page 5 of the Lease provides that upon an event of default, lessee shall pay to lessor all costs and expenses, including, attorneys' fees and costs incurred by lessor in connection with enforcing lessor's rights and remedies in connection with the Lease. To date, the total amount of attorney fees and costs incurred in connection with enforcing First Union Rail's rights in this matter is in excess of $4,000.00, and continues to accrue.

10. Accordingly, the Debtors' revised amount of the First Union Rail Claim as set forth in Exhibit J to the Objection to Claims should be increased by increasing the said amount by the attorneys' fees and costs incurred in the amount of not less than $4,000.00, resulting in a total of not less than $888,825.50, plus any other reasonable attorneys' fees and costs as may be incurred by First Union Rail in this matter

### The Railcar Investment Claim

11. The Railcar Investment Claim arises from the GE Lease (as defined in the Railcar Investment Claim), which, as of the Petition Date, comprised of three (3) rider leases (defined in the Railcar Investment Claim as GE Sub-Lease No.1, GE Sub-Lease No.2, GE Sub-Lease No.3). As of the Petition Date, GE Sub-Lease No.1 covered the lease of eight (8) railcars and/or tank cars, from Railcar Investment, as lessor, to Aventine, as lessee, to be extended through and including the month of January 2011 at the monthly rental rate of $510.00 per car. On May 5, 2009, GE Sub-Lease No.1 was rejected pursuant to the Order Approving the Debtors' First Omnibus Motion to Reject Certain Executory Contracts Effective as of the Petition Date [Dkt. No. 137], entered May 5, 2009.

4

RLF1 3566467v.1

12. The Railcar Investment Claim was filed for the principal amount of (i) the balance due as of the Petition Date for all GE Sub-Leases minus post-petition payments received, and (ii) the total amount of all monthly rent payments becoming due under the remaining terms of all GE Sub-Leases, for a total of approximately $137,136.10, together with all interest, attorney fees, costs, and any other amounts in connection therewith. Since then, Debtors have assumed GE Sub-Lease No.2 and GE Sub-Lease No.3.

13. Under the Debtors' Fifth Omnibus Objection to Claims, Debtors seek to reduce the GE Sub-Lease No.1 rejection claim under the Railcar Investment Claim in accordance with the Illinois statute, § 810 ILCS 5/2A-528 and 2A-103(21), which is substantively similar to the foregoing Texas statute above. In sum, it appears that Debtors have reached their calculations under the Objection to Claims by reducing the $510.00 monthly rate for remaining future payments under GE Sub-Lease No.1 by the amount of $450.00, which Debtors claim is the prevailing market rental rate for such cars ($510 - $450 = $60) and discounting those remaining future payments to present value using the foregoing discount rate of 8% interest over the course of the remaining twenty - one (21) months. Thereby reducing the total GE Sub-Lease No.1 rejection claim under the Railcar Investment Claim to $9,939.14.

14. However, because the Debtors have recently entered into the New First Union Rail Rider for the lease of similar cars, the $380 monthly rental rate under the New First Union Rail Rider serves as a more accurate and appropriate market rental rate for reducing the future rent payments under GE Sub-Lease No.1, rather than $450.

15. Accordingly, the amount of damages for the $510 monthly rental payments per car under the GE Sub-Lease No.1 should only be reduced by the market rate of $380 per month

RLF1 3566467v.1

per car, rather than $450 per month per car. Using such $380 monthly market rate reduction and then discounting the GE Sub-Lease No.1 rejection damages to present value using the same 8% discount rate over the course of the remaining twenty - one (21) months of the GE Sub-Lease No.1 results in a total of not less than $19,088.03.

## Conclusion

16. Claimants respectfully request that the order to approve the Debtors' Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 be granted only on the conditions that same provides for (a) the First Union Rail Claim to be allowed in the total amount of not less than $888,825.50, plus any other reasonable attorneys' fees and costs as may be incurred by First Union Rail in this matter, and (b) the Railcar Investment Claim to be to be allowed in the total amount of not less than $19,088.03.

17. Claimants respectfully reserve the right to assert and/or supplement this Response at or prior to the hearing for the Debtors' Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

RLF1 3566467v.1

Dated: April 30, 2010
Wilmington, Delaware

Respectfully submitted,

*(signature)*

Mark D. Collins (No. 2981)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Daniel F. Fiorillo, Esq.
OTTERBOURG, STEINDLER, HOUSTON
   & ROSEN, P.C.
230 Park Avenue
New York, New York 10169-0075
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

*Co-Counsel to First Union Rail Corporation, a/k/a First Union Rail, and Railcar Investment LLC*