# EXHIBIT "A"

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AVENTINE RENEWABLE ENERGY HOLDINGS, INC., *et al.*, | ) ) | Case No. 09-11214 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | **Re: Docket No. _____** |

## ORDER

Upon the Stipulation Governing Production and Exchange of Confidential Material (the "Stipulation") entered into between Union Tank Car Company and the Reorganized Debtors on July 8, 2010; and the Court having reviewed the Stipulation; and after due deliberation and for good cause shown,

    IT IS HEREBY ORDERED that the Stipulation is approved.

Dated: _____, 2010

                                                                                 Honorable Kevin Gross
                                                                                 United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AVENTINE RENEWABLE ENERGY ) | Chapter 11 |
| HOLDINGS, INC. *et. al.* ) | Case No. 09-11214 (KG) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | |

**STIPULATION GOVERNING PRODUCTION AND
EXCHANGE OF CONFIDENTIAL MATERIAL**

The debtors in the above-captioned case (collectively, the "Debtors)" and Union Tank Car Company ("UTCC") and collectively with the Debtors (the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows (the "Stipulation"):

WHEREAS, on April 7, 2009 (the "Petition Date"), Aventine Renewable Energy, Inc. filed a petition for relief under Chapter 11 of the Code and became a Debtor in Possession in Case No. 09-11216-KG ("Debtor"). On April 9, 2009, this Court entered an Order Directing Joint Administration of this bankruptcy proceeding under Case No. 09-11214, In re: Aventine Renewable Energy Holdings, Inc. [Docket No. 28].

WHEREAS, prior to the Petition Date, UTCC and the Debtor entered into a Car Service Agreement and certain riders to the Car Service Agreement (collectively the "Car Service Agreement").

WHEREAS, on July 15, 2009, this Court entered an Order rejecting certain riders to the Car Service Agreement (the "Rejection Order") [Docket No. 301].

-1-

WHEREAS, on September 3, 2009, UTCC filed a claim for $82,553,987.47 (the "Disputed Claim") [Claim No. 316].

WHEREAS, the Debtors have requested certain documents from UTCC regarding the Disputed Claim ("Informal Discovery").

WHEREAS, because the Informal Discovery in this case may involve disclosure of documents, electronically stored information, things and other information containing or constituting trade secrets, confidential, proprietary or other competitively-sensitive information, which must be protected in order to preserve the legitimate business and privacy interests of the Parties or third parties, pursuant to FED. R. CIV. P. 26(c) as incorporated within FED. R. BANKR. P. 7026 and Del. Bankr. L.R. 9018-1(d).

WHEREAS, in order to set forth the conditions of the production, retention and disclosure of documents produced in discovery between the Parties, the Parties have agreed to the following terms governing the production and exchange of confidential material ("Confidentiality Agreement") as set forth below in this Stipulation.

THEREFORE, the Parties stipulate and agree as follows:

1. **Materials Covered.** This Confidentiality Agreement applies to all documents, information, electronically stored information, and materials, including transcripts of depositions and hearings, disclosed during the course of the Litigation (as defined below) by any Party or non-party, including information disclosed in the course of discovery. Such documents, information, electronically stored information, and materials shall be referred to hereinafter as "Litigation Material."

2. **Definitions.** The following definitions apply throughout this Confidentiality Agreement:

A. "Confidential Information" means (1) trade secrets; (2) non-public financial, proprietary or competitively-sensitive business information; and (3) other confidential business information, which is defined to mean information that is of a sensitive nature and which, if disclosed to a competitor, would reveal significant technical or business advantages of the designating party, and which is believed to be unknown to the party to which the information is produced, such as business plans, marketing strategies and such other information that is not generally known and would provide a competitive advantage over a party.

B. "Legend" means a stamp or similar insignia stating, "Confidential," "Confidential – Attorneys' Eyes Only" or other appropriate term or terms denoting the confidentiality of the document.

C. The "Litigation" means any contested matter as defined in FED. R. BANKR. P. 9014 or adversary proceeding pursuant to FED. R. BANKR. P. 7001 involving the Parties in the above-captioned matter (or as the caption may be modified) through final judgment and any appeal from a final order entered thereon, including but not limited to any resolution or attempted resolution of the Disputed Claim.

D. "Objecting Party" means any party to the Litigation responding to, and objecting to, a designation of Litigation Materials as "Confidential" or "Confidential – Attorneys' Eyes Only."

E. "Producing Party" means any party or non-party to the Litigation producing Litigation Material in the Litigation. Producing Party also shall mean any party to the Litigation who designates Litigation Material produced by non-parties (including but not limited to agents of that party), as "Confidential" or "Confidential – Attorneys' Eyes Only."

F. "Receiving Party" means any Party to the Litigation to whom Litigation Material is produced.

G. "Restricted Employee(s)" means an employee of the Debtors who does not engage the negotiation of commercial contracts on behalf of the Debtors as part of his or her regular duties and who agrees to the terms of this Confidentiality Agreement by executing the attached Exhibit A.

3. **Limitations on Use of Litigation Material Designated as "Confidential."**

Litigation Material may be designated as "Confidential" if the Producing Party in good faith contends that such materials contain or constitute Confidential Information.

-3-

Litigation Material designated as "Confidential," including any summaries, charts or notes made from it and any facts or information contained or derived from it, shall be used only for purposes of the Litigation and for no other purpose and may be disclosed only to the following persons:

  A. The Court and Court personnel;

  B. Parties, including a Party's employees, officers, agents and directors whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

  C. Counsel, including in-house counsel, for the Parties and their employees whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

  D. Expert witnesses, consultants, mediators, and advisors who are employed or retained by any Party or any Party's counsel whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

  E. Outside vendors who perform litigation support, imaging, photocopying, computer classification or similar functions but only for so long as necessary to perform their services;

  F. Witnesses or deponents (and their counsel), may review their own records and any Confidential Information that they prepared or which was distributed to them in the normal course of business for the purpose of providing testimony in or for the Litigation; and

  G. Stenographic or video recording reporters who provide transcription services in connection with scheduled depositions in the Litigation.

4. **Limitations on Use of Litigation Material designated as "Confidential – Attorneys' Eyes Only."** Litigation Material may be designated as "Confidential – Attorneys' Eyes Only" only if the Producing Party has a good faith belief that the Litigation Material contains or constitutes Confidential Information and disclosure of such Confidential Information to a Party would place the Producing Party at a competitive or other disadvantage in its business affairs. Litigation Material designated as "Confidential –

Attorneys' Eyes Only" shall be used only for purposes of the Litigation and for no other purpose. Litigation Material designated as "Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons:

    A.    The Court and Court personnel;

    B.    Up to three Restricted Employees whose review of the "Confidential – Attorneys' Eyes Only" Information is reasonably necessary to assist in the evaluation, prosecution, defense, or trial of the Litigation. The Receiving Party shall disclose to the Producing Party the names of the three Restricted Employees upon their designation as such and shall tender executed copies of the attached Exhibit A within seven (7) days of their review of the "Confidential – Attorneys' Eyes Only" Information;

    C.    Outside counsel for the Parties and their employees whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

    D.    Expert witnesses, consultants, mediators, and advisors who are employed or retained by any Party or any Party's counsel whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

    E.    Outside vendors who perform litigation support, imaging, photocopying, computer classification or similar functions but only for so long as necessary to perform their services;

    F.    Witnesses or deponents (and their counsel), may review their own records and any Confidential Information that they prepared or which was distributed to them in the normal course of business for the purpose of providing testimony in or for the Litigation; and

    G.    Stenographic or video recording reporters who provide transcription services in connection with scheduled depositions in the Litigation.

5.    **Duty to Advise of Confidentiality Agreement.** Counsel in the Litigation shall assure that all persons to whom Confidential Information is disclosed are advised of the terms and operation of this Confidentiality Agreement and/or provided a copy of this Confidentiality Agreement. Before receiving Confidential Information, any person falling within subparagraphs 4(D) or (F) of this Confidentiality Agreement must be provided with

a copy of this Confidentiality Agreement and to agree to be bound by it by executing the attached Exhibit A. A copy of the signed Exhibit A shall be maintained by Counsel for the party who initiated the request and provided to opposing counsel upon termination of the Litigation, upon agreement of counsel or pursuant to an order of this Court after notice and hearing.

6. **Designating Confidential Information.** Subject to paragraphs 7, 8 and 10 of this Confidentiality Agreement, a Producing Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any Litigation Material containing Confidential Information pursuant to this Confidentiality Agreement and which the Producing Party believes in good faith warrants such designation by affixing the Legend to any document which the Producing Party believes contains Confidential Information or by taking such other reasonable steps to identify said documents as Confidential Information within 7 days of producing the Confidential Information or within 7 days after the entry of an order approving this Stipulation, whichever is later. All Litigation Material shall be treated as "Confidential" during the 7-day period following its production.

7. **Designating Certain Electronically Stored Information.** The Parties contemplate that they may produce to one another certain electronically stored information in native file format that will not be conducive to affixing of a Legend. The Parties shall cooperate as necessary to establish specific procedures to protect the confidentiality of any Litigation Material that may be produced in this manner. As an example, the designating Producing Party should identify the path and name of the native file and describe the portion of the file or particular type or nature of the data in the file that is designated. The

failure to affix a Legend to the native file, however, shall not prevent a party from asserting that it contains Confidential Information.

8. **Designating Transcripts of Depositions and Hearings.** The portions of depositions or hearing transcripts (including exhibits) containing Confidential Information shall be designated either by a statement to that effect on the record during the deposition or hearing or by written notice to counsel of record for the other party within 14 days after receiving the transcript by designating counsel. All deposition testimony (including notes thereof) shall be treated as "Confidential" until the 14-day period for designation has passed. If a deposition or hearing transcript contains Confidential Information, the particular pages of the transcript (including exhibits) containing such Confidential Information shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and treated accordingly pursuant to the terms of this Confidentiality Agreement.

9. **Objecting to Designation.** If a Receiving Party objects to the designation of any Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only," the Responding Party shall send written notice of such objection to the Producing Party. The parties must in good faith attempt to resolve the matter informally. If a challenge cannot be resolved informally, any Party may apply for appropriate relief from the Court. All disputed Litigation Material shall be treated as Confidential Information unless and until the Court rules otherwise. The Party opposing the objection shall have the burden under FED. R. CIV. P. 26(c) as incorporated in FED. R. BANKR. P. 7026 to show that the disputed Litigation Material should be treated as Confidential Information.

10. **Inadvertent Failure to Designate.** The inadvertent failure by a Producing Party to designate Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes

Only" shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such Litigation Material. Upon notice to the Receiving Party of such inadvertent failure to designate, the Receiving Party shall cooperate as is reasonable to restore the confidentiality of the inadvertently undesignated Litigation Material.

11. **Inadvertent Production of Privileged Documents and Information.** Nothing in this Confidentiality Agreement shall be deemed a waiver of any right that any Party otherwise might have under the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, Federal Rules of Evidence, the attorney-client or any other privilege or the work product doctrine. The inadvertent production of Litigation Material protected by the attorney-client or other privilege or the work product doctrine shall *not* waive such protection. If Litigation Material that is subject to a claim of privilege or of protection as work product, is produced, the Party making the claim may notify any Party that received the information of the claim and the basis or bases for it. After being notified, a Party must promptly return, sequester or destroy the specified Litigation Material and any copies it has or has distributed to others and may not use or disclose the Litigation Material until the claim is resolved. A Receiving Party may promptly present the Litigation Material to the court under seal for a determination of the claim. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the Litigation Material until the claim is resolved.

12. **Third Parties.** The terms of this Confidentiality Agreement shall be applicable to any third party who produces Litigation Material in connection with the Litigation and designates the Litigation Material as "Confidential" or "Confidential –

Attorneys' Eyes Only." If a third party produces Litigation Material, pursuant to subpoena, other legal process or otherwise, that a party in good faith believes to be its Confidential Information, that party may designate the Litigation Material produced by such third party as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Confidentiality Agreement.

13. **No Prejudice or Enlargement of Rights.** This Confidentiality Agreement shall neither prejudice nor enlarge the right of any party to present a motion to the Court for a separate order as to any particular Litigation Material, including a separate order imposing restrictions differing from or greater than those specified herein. This Confidentiality Agreement shall neither prejudice nor enlarge the rights of any party in any way in any future application for modification, amendment or vacation of this Confidentiality Agreement. Nothing in this Confidentiality Agreement shall prevent any party from objecting to discovery which it believes to be otherwise improper. The Court may separately address the issue of handling Litigation Material under this Confidentiality Agreement at a hearing or trial.

14. **Subpoena by Third Party.** Nothing contained in this Confidentiality Agreement shall prohibit any person or party from disclosing any Confidential Information (a) to any governmental authority or agency pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law or (b) to any person or entity pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, provided that the Producing Party is given notice that said Confidential Information will be produced in sufficient time to permit the Producing Party to challenge the production of said Confidential Information in the appropriate

forum. However, no person or party which has been required or compelled to produce such Confidential Information pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law, or pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, shall be required to refuse to produce said Confidential Information if, in so doing, such person or party would subject itself to penalties or punishment, including those for contempt.

15. **Amendments.** This Confidentiality Agreement may be amended as need may arise by written agreement of the Parties without prior leave of the Court.

16. **Continuation of Protection after Disposition.** The termination of the Litigation shall not relieve the Parties or non-parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Confidentiality Agreement, unless the Court orders or permits otherwise. After the final disposition of the Litigation, the attorneys for the Parties upon written request from the Producing Party shall either: (a) return promptly to the Producing Party all Confidential Information produced by that party, and all copies made thereof; or (b) destroy all such Confidential Information and all copies made thereof, and provide the Producing Party with a sworn certification of the steps taken to that effect. This section shall not be construed to require the return or destruction of any documents or exhibits filed with the Court, deposition transcripts and exhibits or notes or other work product created for or by any party, provided however, any Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Confidentiality Agreement.

17. **Information Independently Obtained.** Subject to paragraph 10 of this Confidentiality Agreement, the restrictions of this Confidentiality Agreement shall not apply to any information which in the future is made known to the Receiving Party on a non-confidential basis by the Producing Party, or which is made known in the future by lawful means to the Receiving Party by any source other than the Producing Party. Further, the restrictions shall not apply to any information which the Receiving Party shall establish was already known to it by lawful means at the time of disclosure, has been or becomes a matter of public knowledge through no act of the Receiving Party or has been publicly available subsequent to disclosure through no act of the Receiving Party.

UNION TANK CAR COMPANY

By: *[signature]*
One of its Attorneys

Theodore J. Tacconelli (I.D. No. 2678)
Ferry, Joseph & Pearce, P.A.
824 Market Street
Suite 1000
Wilmington, Delaware 19899-1351
(302) 575-1555

- and -

Dennis E. Quaid (IL Bar No. 2267012)
Clinton Hansen (IL Bar No. 6275079)
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
(312) 346-7500

AVENTINE RENEWABLE ENERGY, INC.,

By: *[signature]*
One of its Attorneys

Ryan M. Bartley (I.D. No. 4985)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

- and –

Abid Qureshi (NY Bar No. 2684637)
Joseph L. Sorkin (NY Bar No. 4638409)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

# Exhibit A
## Agreement

I, _____, state that I have read and understood the terms of the Confidentiality Agreement entered on July \_\_, 2010 in *In re Aventine Renewable Energy Holdings, Inc.*, United States Bankruptcy Court for the District of Delaware, Case No. 09-11214, and agree to comply with and be bound by the terms and conditions of the Confidentiality Agreement unless and until modified by further Order of the Court.

I understand that I am to retain all copies of any Litigation Material designated as "Confidential Information" or "Confidential – Attorneys' Eyes Only" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writing prepared by me containing any Confidential Information are to be returned to counsel who provided me with such material or destroyed by shredding.

I will not disclose or divulge Confidential Information to persons other than those specifically authorized by the Confidentiality Agreement, and I will not copy or use Confidential Information except solely for the purposes of the Litigation. I also agree to notify any personnel who are required to assist me of the terms of the Confidentiality Agreement

I hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the purpose of enforcement of the Confidentiality Agreement.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____, 2010.


_____
[Signature]


_____
[Printed Name of Individual]